## Theron D. Brewster v. James E. Weir.

1. EVIDENCE—*Opinions of Witnesses Not Admissible.*—The opinions of witnesses are not admissible in evidence, merely because such wit-nesses have had more experience or greater opportunities of obser-vation than others, unless such opinions relate to matters of skill or science.

2. BAILMENTS—*Presumptions Where the Property is Returned in a Damaged State.*—Where personal property is placed in the hands of a bailee in good condition, and it is returned in a damaged state, or is not returned at all, in an action by the bailor against the bailee, the law presumes negligence on the part of the latter, and he has the burden of showing he exercised such care as was required by the bailment.

**Action to Recover the Value of a Horse, etc.**—Appeal from the Cir-cuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

FRED. T. BEERS, attorney for appellant.

TRAINOR & BROWNE, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit by Weir, a livery stable keeper, to recover the value of a horse let to Brewster to drive, and which died during the drive. Plaintiff recovered $125 before a justice and in the Circuit Court, and defendant prosecutes this further appeal.

Plaintiff claimed defendant killed the horse by over-driving. Upon this subject the evidence was conflicting. While the verdict might well have been the other way, we are unable to say another jury would reach a different con-clusion from the same evidence, or that the present verdict, approved by the trial judge, ought to be disturbed.

The court sustained objections to various hypothetical

questions propounded to certain livery stable keepers and others. Some of these were not in proper form, and they all related to matters of common knowledge and experience, and which, therefore, did not admit of expert testimony. The opinions of witnesses are not received in evidence merely because such witnesses have had more experience or greater opportunities of observation than others, unless such opinions relate to matters of skill or science. Where the matter of inquiry lies within the common experience of men of common education in the ordinary walk of life, the opinions of experts are inadmissible, as the jury are competent to draw the true inferences from the facts proved. (Hellyer v. The People, 186 Ill. 550.) In one or two cases objections were sustained to questions put by defendant, which might well have been overruled, but the proof sought generally got in before the witness left the stand.

The ruling of the court upon the instructions is supported by Cummins v. Wood, 44 Ill. 416, and Funkhouser v. Wagner, 62 Ill. 59, where it is held that where personal property is placed in the hands of a bailee in good condition, and it is returned in a damaged state, or is not returned at all, then, in an action by bailor against bailee, the law will presume negligence on the part of the latter, and will impose on him the burden of showing that he exercised such care as was required by the bailment. The reason of this rule is that often the bailor would have no means of showing how the loss or injury had occurred, or whether the bailee had caused it by his negligence, while the facts would be within the knowledge of the bailee or he would know from what sources they could be ascertained. The judgment is affirmed.