### Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Charles Curtis.

1. CONTRIBUTORY NEGLIGENCE—*what evidence not competent upon question of.* It is not competent to permit a witness to testify in substance or in effect as to whether or not in his opinion it was negligence to do or to attempt to do the act contended as constituting contributory negligence.

2. EXPERT—*when opinion of, not competent.* Where the matter inquired about requires no special knowledge and all the facts upon which such opinions are sought to be based, can be ascertained and made intelligible to the court and jury, it is not proper to receive the testimony of experts.

3. FEDERAL STATUTE—*effect of section 8 of act enacted for the promotion of safety of employes.* Section 8 of the Federal statute enacted for the promotion of the safety of employes, which is to the effect that any employe of a common carrier who may be injured by any locomotive, car or train, in use contrary to the provisions of the act, shall not be deemed thereby to have assumed the risk occasioned thereby, does not abrogate the common law rule that an employe using cars not equipped with the appliances mentioned in the act must exercise ordinary care.

4. ASSUMED RISK—*doctrine of, considered with respect to the doctrine of contributory negligence.* The doctrines of assumed risk and contributory negligence are separate and distinct.

Action in case for personal injuries. Appeal from the Circuit Court of Edgar county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1906. Reversed without remanding. Opinion filed June 1, 1907.

HAMLIN & GILLESPIE and R. L. McKINLAY, for appellant; L. J. HACKNEY, of counsel.

F. W. DUNDAS, for appellee; F. J. O'HAIR, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case for the recovery of damages for personal injuries alleged to have been received by the plaintiff through the negligence of defendant. Judgment was rendered in favor of the plaintiff for $1,999.99, to reverse which this appeal is prosecuted.

The undisputed evidence shows that appellee had been a brakeman in the employ of appellant for about five years. On the day he was injured he was acting as "swing man" or center brakeman upon one of appellant's freight trains engaged in interstate commerce or traffic. His duty consisted in switching cars and placing them in and out of the train at various stations. At Robinson station a car of freight was set out. After the train started to leave the station to go southward, and when it had moved about thirty feet at the rate of about two miles an hour, appellee who was standing upon the station platform attempted to get aboard by placing his right hand on the end sill of a box car and his left hand upon the end sill of a coal car in the rear of it and swinging his feet up and catching them on the bumpers or upon the deadwood of the coal car. Through the motion of the train, or from some other cause not shown by the evidence, his hand slipped and he fell down between the rails upon his hands and knees. The conductor of the train who was standing on the front end of the coal car, upon seeing him fall, jumped off on the platform and immediately called to the engineer and gave him the stop signal. The engineer immediately applied the air brakes and stopped the train. When appellee fell he crawled along by the coal car and attempted to get from under the cars. Just before the train stopped, his clothing caught on a bolt at a rail connection and the car wheel caught and stopped upon one of his legs, so crushing and mangling it that it had to be

amputated.  The evidence shows that there were side
ladders on a number of box cars in the train by which
the plaintiff could have boarded it with safety.  The
train consisted· of sixteen cars, all but three of which
were equipped with air brakes, and had the cars so
equipped been placed consecutively next to the engine,
the train could have been stopped in time to have
avoided the injury to appellee, but by reason of the
"bald-heads" or cars without air brakes, having been
placed toward the front of the train, the line of the
brakes was broken so that the air brakes back of the
"bald-heads" could not be used.  It further appeared
that there was in force a rule of the appellant company,
which required, in the making of trains, the placing of
cars loaded with heavy freight ahead of those contain-
ing merchandise.

The negligence relied upon as a basis of recovery, is
the alleged non-compliance by appellant with the terms
of the Federal statute for the promotion of safety of
employes, etc., section 1 of which reads as follows:
"That from and after the 1st day of January, 1898,
it shall be unlawful for any common carrier engaged
in interstate commerce by railroad to use on its line
any locomotive engine in moving interstate traffic not
equipped with a power or driving wheel brake, and
appliances for operating the train brake system, or
to run any train in such traffic after said date that
has not a sufficient number of cars in it so equipped
with power or train brakes that the engineer on the
locomotive drawing such train can control its speed
without requiring brakemen to use the common hand
brake for that purpose."  (Act March 2, 1893, Chap.
196, 27 Stat. L. 531.)

A reversal of the judgment is urged upon the fol-
lowing grounds:  (1)  The plaintiff assumed the risk
of attempting to get aboard the train as he did, and
was guilty of contributory negligence; (2) the Fed-
eral statute has no application to the facts; (3) the
defendant had in its train a sufficient number of cars

so equipped with power or train brakes that if coupled
up and utilized, the engineer on the locomotive draw-
ing such train could have controlled its speed without
requiring the brakeman to use the common hand brake,
and its statutory duty was thereby discharged; and
no rule of the company was proved to have been in
force which justified the plaintiff in not using the
power or train brakes on the train.

Over the objections of appellant, the trial court im-
properly permitted appellee to prove by the witnesses
Dixon and Hawkins, that the manner in which he was
attempting to get aboard of the train at the time he
fell and was injured was "proper." In effect such wit-
nesses were permitted to testify as a matter of opinion
that in attempting to get aboard of the train as he
did the plaintiff was not guilty of contributory negli-
gence, which was one of the issues to be determined
by the jury. Such testimony was not proper to be
given by an expert witness, nor was the question one
upon which a non-expert witness could properly ex-
press an opinion. A witness is not permitted to give
his opinion as an expert in reference to a matter which
does not involve a question of science, skill or trade.
Where the matter inquired about requires no special
knowledge and all the facts upon which such opinions
are sought to be based, can be ascertained and made
intelligible to the court and jury, it is not proper
to receive the testimony of experts. R. Co. v. The
People, 143 Ill. 434; R. Co. v. Conlan, 101 Ill. 93;
R. Co. v. Smith, 69 App. 69. The opinions of wit-
nesses are not admissible in evidence merely because
such witnesses have had more experience or greater
opportunities for observation than others, unless such
opinions relate to matters of skill or science. Hell-
yer v. The People, 186 Ill. 550; Brewster v. Weir, 93
Ill. App. 588. Expert opinions may never be given
covering the questions or issues to be decided by the
jury. R. Co. v. The People, *supra;* R. Co. v. Blye,
43 App. 612; R. Co. v. S. & N. R. Co., 67 Ill. 142. The

question as to the care being exercised by a plaintiff at the time of his injury, is one for the jury, and cannot be decided by the opinions of experts. City v. Coe, 166 Ill. 22. The question whether a certain act or omission imported negligence under the given circumstances is not one which can be determined by expert testimony. Labatt on Master and Servant, sec. 830; 2 Jones on Evidence, sec. 374.

In the view we take of the law applicable to the uncontroverted facts involved, it will be unnecessary to determine whether or not the Federal statute quoted has any application or whether or not appellee assumed the risk of injury. After a full consideration of the evidence, we are impelled to the conclusion that the attempt of appellee to board the train in the way and manner shown by the evidence, was not the act of a reasonably prudent and careful person under similar circumstances, and that his negligence in that particular was the direct and immediate cause of his injury. His right of recovery is thus barred without regard as to the question as to whether or not the Federal statute is applicable. The effect of section 8 thereof, which provides that any employe of a common carrier who may be injured by any locomotive, car or train, in use contrary to the provisions of the act, shall not be deemed thereby to have assumed the risk occasioned thereby, is merely to abrogate the common law rule that an employe using cars not equipped with the appliances mentioned in the Act, assumed such risk and danger of his employment as arises from the use of such appliances, when the same are known by him to be defective, insufficient and dangerous or which are so obviously so that by the exercise of ordinary care, he would know of such fact. The section does not to any extent abrogate, change or modify the well-settled rule that an act of omission on the part of the servant amounting to a want of ordinary care which, concurring or co-operating with the negligent act of the master, is the proximate cause

or occasion of an injury to the servant, will bar a recovery by such servant, or, in other words, in order to recover for injuries received by him, the servant must aver and prove that he was, in relation to the accident, in the exercise of ordinary care at the time he. received such injuries.

Counsel in argument seems to have confounded the distinct and separate doctrine known as "assumed risk" with that of "contributory negligence." As is said in R. Co. v. Heerey, 203 Ill. 492, "Contributory negligence and assumption of risk are entirely dif-ferent things in the law. Although the two questions may both arise under the facts of the case, yet they are wholly separate and distinct. Every person suing for a personal injury must show that he was in the exercise of ordinary care and caution for his own safety."

Appellee, in attempting to board the train, fell between a coal car and a box car, the latter being south and next ahead of the coal car. Upon the coal car, some six or eight inches from the south end, there was an iron stirrup which extended eight or ten inches below the sill of the car, and above such stirrup was an iron hand-hold, eight or ten inches long. A large number of the box cars were equipped with side-ladders by the use of which appellee could have boarded the train with safety. Appellee, when testifying, offered no excuse for his failure to use the side ladders. As to the stirrup and hand-hold, he says, "If I had put my foot in the stirrup maybe I would have fallen outside of the track and maybe I wouldn't."

It seems clear, in view of the foregoing evidence, that appellee, who was an experienced brakeman, with full knowledge of the facts, voluntarily adopted a dangerous method of boarding the train when a manifestly safer one was at hand. Disregarding the question as to whether he thus assumed the risk of injury, we are satisfied that the undisputed facts, together

with all the natural inferences to be drawn therefrom, fail to show that he was in the exercise of that degree of care for his own safety required by law as precedent to recovery. Such conclusion is so plain and clear that we feel all ordinarily prudent men would arrive thereat after a dispassionate consideration of the evidence. The admission of the testimony of Dixon and Hawkins to the effect that the method adopted by appellee in attempting to board the train was proper, doubtless tended to lead the jury to find in favor of appellee upon that issue.

For the reasons stated the judgment of the Circuit Court must be reversed without remanding.

*Reversed.*

Finding of fact to be incorporated in judgment:

We find from the undisputed evidence that in attempting to board the train in the manner shown by the evidence, appellee, Charles Curtis, was guilty of negligence, which was the proximate cause of the injuries received by him for which he seeks to recover.