## Chicago & Alton Railroad Company, Appellee, v. Peoria & Pekin Union Railway Company, Appellant.

### Gen. No. 5335.

1. RAILROADS—*lease construed.* Where one railroad company is the owner of a system of terminal tracks in an incorporated city and enters into a contract with another railroad company, styled therein as the lessee, conferring upon such other company the right to enter such city over such tracks, *held,* that while such contract might be considered as a lease of the main line of the first-named company over which the second-named company thereby acquired permission to run its trains, yet it was not a lease as to the matter of the transfer of carloads of freight; *held,* further, under such contract that the first-named or lessor company was a common carrier as to freight transported by it thereunder until the same was placed upon a proper sidetrack and that thereafter the first-named or lessor company was a warehouseman and liable as such.

2. BAILMENTS—*when burden of exoneration on bailee.* Where goods are received by a warehouseman or other bailee and they are not delivered over on request, or are not to be found, the burden is upon the bailee to show that the goods have not been lost through his negligence.

3. APPEALS AND ERRORS—*when ruling upon motion for peremptory instruction waived.* Where a plaintiff fails to introduce a document necessary to his case the denial of a motion for a peremptory instruction predicated upon such failure is waived for purposes of review by the subsequent introduction by the defendant of the document in question.

Action commenced before justice of the peace. Appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

STEVENS, MILLER & ELLIOT, for appellant.

584      APPELLATE COURTS OF ILLINOIS.

Chicago & A. R. Co. v. Peoria & P. U. R. Co., 157 Ill. App. 583.

PAGE, WEAD, HUNTER & SCULLY, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

The Peoria & Pekin Union Railway Company, the appellant, owns a line of railroad extending from Peoria to Pekin, in this state, together with an extensive terminal system in the city of Peoria, consisting of main and side tracks, switches, freight and passenger depots, storage and unloading tracks, etc.; and, besides conducting an ordinary freight and passenger business between Peoria and Pekin and the intermediate points on its line, it does an extensive business of transporting or transferring for other railroad companies entering the city of Peoria loaded and empty freight cars from and to the terminal points of such other railroads in Peoria to and from the points of destination of such cars on the tracks of appellant in such city. Appellant also has entered into contractual relations with various other railroad companies, whereby such other companies operate their passenger and freight trains into and out of Peoria over appellant's tracks. The Chicago & Alton Railroad Company, appellee herein, operates its trains into and out of the city of Peoria over the tracks of appellant under such a contract, entered into in 1900, by the terms of which appellee was given the privilege of operating its trains over the main tracks of appellant, and was to deliver all freight cars loaded with goods for consignees in Peoria to appellant, to be placed by appellant on storage or in loading tracks of its system convenient for the consignee, such cars to be returned by appellant to the terminal point of appellee after having been unloaded. By the terms of the contract appellee could do no switching over the lines of appellant's system. Appellee brought this suit against appellant before a justice of the peace to recover upon five different claims for losses of freight from cars which appellee had received from other points on its line or from foreign railroads and had delivered to appellant to be by it transferred to certain unloading tracks to be there unloaded by the consignee, which claims appellee

had paid to the parties respectively injured by these losses, namely, the several consignees. Appellee secured a judgment before the justice of the peace and appellant appealed from such judgment to the circuit court of Peoria county. Upon the trial in the circuit court a stipulation was offered in evidence by which it was agreed, in brief, that the total amount of such claims was $116.21; that, as to the first three claims, the loss occurred after the car in question had been placed by appellant on its unloading track and before it had been opened by the consignee for the purpose of unloading; that, in the fourth case, the car in question left San Francisco sealed at both doors, was found to have one seal missing at Kansas City and its place was there supplied with a cleat, was delivered by appellee to appellant in that condition, was so placed by appellant so closed and fastened on its unloading track on Water street in Peoria, and when unloaded by the consignee the following day one door was open and the merchandise in the car was found to be short a part of the original shipment; that, in regard to the fifth claim, the car was retained by appellant, under the directions of appellee, upon its "Hold" tracks for nine days, it having been delivered to appellant with both doors sealed, was placed by appellant with both doors sealed upon the unloading track at the expiration of that time by the direction of appellee, and when unloaded thereafter by the consignee was found to have been broken open and to have lost part of its original contents. It was further stipulated that all of the cars in question were brought into the yards of appellant by appellee; that appellant's connection with said cars, and its transfer thereof, and the allowance of the same upon its tracks and yards, was under the special contract between appellee and appellant, under which appellee was allowed to run its freight trains into said yards and under which appellant transfers such cars upon its tracks; that appellant received no compensation for the handling of said cars other than as provided for in the said contract; and that, in transferring said cars, appellant in each case acted under the direction of appellee. The cause was tried by the court without a jury upon such stipu-

586        APPELLATE COURTS OF ILLINOIS.

Chicago & A. R. Co. v. Peoria & P. U. R. Co., 157 Ill. App. 583.

lation and the contract, offered in evidence, and certain propositions of law submitted. The court held the propositions of law submitted by appellee to be the law governing such case and refused the propositions of law presented by appellant, and entered judgment in favor of appellee for said sum of $116.21, from which defendant below appeals.

While the amount involved in this particular case is small, yet it is of considerable importance by reason of the collateral interests involved. The contract covers twenty-two printed pages of the abstract, and it is therefore not reasonably practicable to reproduce it in this opinion. It seems entirely clear to us that, while appellee is designated in the contract as a "lessee" for convenience in description, and while such contract may be considered to be a lease of the main line tracks of appellant, over which appellee thereby obtained permission to run its trains, yet it is not a lease as to the tracks involved in this case, nor a lease as to the matter of the transfer of carloads of freight by appellant from appellee's railroad to unloading tracks where the consignee is to unload such cars. Under the contract we have no doubt but that appellant is a common carrier as to such cars of freight, so transported by it, until the same have been placed upon the proper side-track or unloading track, and that from that time until the consignee unloads the car, appellant is a warehouseman and liable as such. By stipulation in this case, it is practically conceded that, in each case, the car had been placed by appellant on the designated unloading track sealed or closed and with its contents in proper condition; that, in each case, the car remained all or a part of the night upon such unloading track before being approached by the consignee for the purpose of unloading it; and that, in each case, when unloaded by the consignee a door of the car was open and a part of the contents were missing. It is therefore clear that, before the loss occurred, the liability of appellant as a common carrier had ceased and that its liability as warehouseman had attached. Appellant argues that by the ninth and twelfth clauses of the last

SECOND DISTRICT—OCTOBER, 1910. 587

Chicago & A. R. Co. v. Peoria & P. U. R. Co., 157 Ill. App. 583.

division of the contract between the parties, appellee express-
ly assumes all liability for damages done to its property under
the contract. This is too strong a statement of those claus-
es, for appellee does not thereby assume liability for damages
occasioned solely by the negligence of appellant. If therefore
the proof warrants the conclusion that these losses are to
be charged solely to the negligence of appellant, then it is
not relieved by this contract. But we are disposed to hold
that the contract in evidence herein does not cover the rela-
tions between the parties after the cars have been placed
by appellant upon its unloading tracks, and therefore the
appellant is left to its statutory liability as a warehouseman,
that is, the liability which the law attaches to a railroad com-
pany after it has left its carloads of freight at proper places
on its tracks for delivery to the consignees. By the terms
of the contract itself, appellee had nothing whatever to do
with a car of freight after it was delivered to the appellant.
Such car of freight was taken in charge by the employes of
appellant and was by them conveyed to and placed upon one
of appellant's unloading tracks. Under the contract the
entire charge of such car of freight during that time and
until the car, unloaded, had been returned to appellee was in
appellant.

The first proposition of law submitted by appellee and
held by the court was as follows:

"The court holds in this case that under the evidence
the defendant was a common carrier of the cars of the plain-
tiff and the contents of such cars from the time the same
were received by the defendant for the plaintiff in the yards
of the defendant and until the same were placed by the de-
fendant upon the unloading tracks of the defendant on Water
street ready to be unloaded by the consignee and that after
said cars had been placed upon said unloading tracks, the
liability of the defendant as to said cars and their contents
became that of a warehouseman, in the absence of any con-
tract between the plaintiff and defendant defining and limit-
ing the defendant's liability as to such cars and their con-
tents during the time stated."

In our judgment this proposition was correctly held by the court.

In the third proposition of law submitted by appellee and held by the court, it was held that from the evidence of the receipt of the cars by appellant with the contents intact, and that, when the consignee of the respective cars opened them for the purpose of unloading them, part of the contents was missing, the law presumes negligence upon the part of appellant in caring for said cars and their contents and puts upon appellant the burden of showing that it was free from negligence in the care of said cars and their contents.

Appellant contends that this proposition is erroneous and that, for error in so holding, the judgment should be reversed. We cannot agree with appellant in its contention. That proposition of law has been upheld by numerous decisions in this State and elsewhere; and in Brewster v. Weir, 93 Ill. App. 588, this court said: "The ruling of the court upon the instructions is supported by Cumins v. Wood, 44 Ill. 416, and Funkhouser v. Wagner, 62 Ill. 59, where it is held that, where personal property is placed in the hands of a bailee in good condition and it is returned in a damaged state or is not returned at all, then in an action by bailor against bailee, the law will presume negligence on the part of the latter and will impose on him the burden of showing that he exercised such care as was required by the bailment. The reason of this rule is that often the bailor would have no means of showing how the loss or injury had occurred, or whether the bailee had caused it by his negligence, while the facts would be within the scope of the knowledge of the bailee, or he would know from what sources that could be ascertained." Edgerton v. C. R. I. & P. Ry. Co., 240 Ill. 311. We consider that the principles laid down in that and other cases are still in force in this State, and that the court below did not err in holding the third proposition of law submitted by the plaintiff below. The authorities in this State are clear that a case is made against the warehouseman or bailee by showing the receipt by such bailee of the goods and their non-delivery upon request, or that they are not

to be found when the consignee calls for them, and that the burden is upon such bailee, in this case the appellant, to show that such goods have not been lost through his negligence. If it can show that, it will be exonerated from liability. In this case the facts agreed to in the stipulation cast upon appellant the burden of proving that such losses were not caused by its negligence. No defense was made to the *prima facie* case established by the stipulation, and the judgment was therefore correct. The propositions of law held by the lower court were in accordance with the views here expressed, and the propositions submitted by appellant were not the law applicable to this case.

Appellant assigns for error the action of the court below in refusing to find the issues for defendant below at the close of appellee's evidence, a motion to that effect having been made by appellant at that time, for the reason that the stipulation introduced in evidence by appellee referred to the contract which had not been offered in evidence by appellee. This error, if any such there was, we must consider to have been waived by appellant, as appellant itself offered the contract in evidence after its motion was refused.

The judgment is therefore affirmed.

*Affirmed.*