508        APPELLATE COURTS OF ILLINOIS.

Halbert v. Louisville & Nashville R. Co., 186 Ill. App. 508.

## William U. Halbert, Administrator, Appellee, v. Louisville & Nashville Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Action by William U. Halbert, administrator of the estate of Jessie Potoma, deceased, against the Louisville and Nashville Railroad Company to recover for the death of deceased, a four-year-old child, alleged to have been caused by the negligence of the defendant in backing its train over a street crossing when the child and its mother atempted to cross the tracks. It appeared the rear of the train was standing partly on the crossing and that the child and its mother on approaching the crossing waited a minute or two and then attempted to cross behind the rear end of the train when the train was backed up and ran over the child. From a judgment in favor of plaintiff for three thousand dollars, defendant appeals.

J. M. HAMILL and C. P. HAMILL, for appellant.

D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 641*—*when recovery for death of child at street crossing sustained by the evidence.* In an action against a railroad company for the death of a child caused by being struck and run

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Halbert v. Louisville & Nashville R. Co., 186 Ill. App. 508.

over by a train of cars belonging to defendant, a judgment for plaintiff *held* sustained by the evidence, it appearing that the child and its mother attempted to cross the tracks by passing behind the rear end of the train, which was standing on the crossing.

2. RAILROADS, § 607*—*care required at street crossings.* Where railroad companies cover a public street with a large number of tracks they must observe unusual care and take extra precautions to avoid injuries to persons passing along the street or sidewalk.

3. DEATH, § 71*—*when contributory negligence of mother of child question for jury.* In an action against a railroad company for the death of a child when accompanied with its mother, where the child was run over when they attempted to pass behind the rear end of a train standing on a street crossing, *held* that if the train was standing still at the time the mother attempted to pass over the track the mother was not guilty of negligence as a matter of law but that the question was one of fact for the jury to determine under all the circumstances.

4. DEATH, § 74*—*when requested instruction properly refused.* In an action for the wrongful death of a child while in the care of its mother, a requested instruction pointing out certain particular things the mother would have to do in order to free herself of contributory negligence, held properly refused.

5. DEATH, § 67*—*when verdict for death of child not excessive.* A verdict of three thousand dollars for death of a four-year-old child sustained as not excessive, where there was no evidence of the child's health or its promises intellectually or otherwise and no improper evidence or instructions of the court on the question.

6. DEATH, § 73*—*sufficiency of instruction.* In an action against a railroad company for the death of a child while in the care of its mother, an instruction given for plaintiff *held* not subject to the criticism that it might be construed by the jury to include the time before she went upon the tracks, and that the instruction was leveled at the care of the mother for her own safety and not for the safety of the child.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.