THE CITY OF PANA, Appellee, *vs.* WILLIAM M. BALDWIN *et al.* Appellants.

*Opinion filed October 16, 1914.*

1. SPECIAL ASSESSMENTS—*when objection that ordinance does not fix grade for "returns" and "approaches" is not good.* An objection that the ordinance does not sufficiently .fix the grade of "returns" and "approaches" is not valid, where it is plain from the ordinance that they are merely· the extensions at street intersections to the street lines and they are sufficiently described and provided for in the ordinance and the plans and profiles made a part of the ordinance.

2. SAME—*when a verdict as to benefits will not be disturbed.* The verdict of the jury as to benefits in a special assessment case, which verdict has been approved by the trial court, will not be disturbed on appeal as being against the weight of the evidence, where the evidence is conflicting and the correctness of the verdict depends merely upon the question of the weight and credit to be given to the testimony by the jury.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

JOHN E. HOGAN, and E. E. DOWELL, for appellants.

GEORGE T. WALLACE, and R. J. MONROE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Christian county confirming a special assessment for a local improvement in the city of Pana. The special assessment was levied to pay the cost of paving parts of three streets with brick, at an estimated cost of $47,000. The improvement is in a residence part of the· city and the property assessed belonged to a large number of persons, fifty-two of whom filed objections to the confirmation. All legal objections were overruled and no error is assigned upon that branch of the proceeding, except it is claimed the ordinance is void as being unreasonable and oppressive,

and also that it was defective in several respects. A trial by jury was had upon objections to benefits. The jury found the property would be specially benefited by the improvement to the amount of its cost. A motion by the objectors for a new trial was overruled by the court and a judgment rendered confirming the assessment as made. Certain of the objectors have prosecuted this appeal from that judgment.

The objections made to the ordinance are, that it "does not sufficiently describe the nature, character, locality and description of the proposed improvement," and does not sufficiently describe the cement to be used in the improvement nor fix any standard for the test of the cement. The ordinance requires the paving of certain "returns" and "approaches," and it is contended it fails to fix their number or location or establish any grade therefor; that it requires that at all street and alley intersections the paving and curbing shall be carried back to the street lines but does not establish a grade for the work; also it is contended it does not sufficiently describe an inlet required. We have examined the ordinance and are of opinion it is not open to any of the objections made. It sufficiently describes every detail of the improvement. It is not claimed that the ordinance does not sufficiently fix the grade of all parts of the improvement other than the "returns" and "approaches." It is plain from the ordinance these are the extensions at street and alley intersections to the street lines, and they are sufficiently described and provided for in the ordinance and the plans and profiles which are made part of the ordinance. *Hutt* v. *City of Chicago,* 132 Ill. 352; *Louisville and Nashville Railroad Co.* v. *City of East St. Louis,* 134 id. 656; *City of Hillsboro* v. *Grassel,* 249 id. 190.

The ground mainly relied upon for a reversal of the judgment is, that the finding that the property of the objectors would be benefited to the amount it was assessed for the improvement is contrary to the evidence. It was

agreed at the commencement of the hearing upon the question of benefits that the witnesses on each side should be limited to ten and that each objector testifying for himself or herself should be counted as one witness. Appellants called nine witnesses who testified as to the effect of the proposed improvement upon all of the property of the objectors, and about forty of the fifty-two objectors testified as to the effect of the improvement upon the value of their respective properties. Of the nine witnesses who testified as to the effect of the improvement upon the value of all the property assessed, most of them were objectors. Some of the objectors' witnesses testified their property would not be benefited in value by the improvement, but most of them testified the property in the district would be increased in value to some extent. The majority of those who named an amount the property would be increased in value fixed the increase at about one-half the cost of the improvement. Of the ten witnesses called by appellee, nine of them, as we understand, were not owners of property assessed, but most of them were property owners in other parts of the city and some of them owned property abutting streets that had been paved by special assessment. One of appellee's witnesses owned property in the district assessed for the proposed improvement, and his property was assessed about $900. The testimony of the ten witnesses was that the property assessed for the improvement would be benefited in value to the amount of the assessment. There is nothing in the record indicating that the witnesses for appellee were not as competent to testify upon the question as those of appellants nor that they were not as credible and worthy of belief. If their testimony was regarded as more satisfactory by the court and jury than the testimony of appellants' witnesses, then the verdict and judgment were warranted. If they had regarded the testimony of appellants' witnesses as more satisfactory than that of appellee's witnesses, the verdict and judgment should, and no doubt would, have been

the other way. It was in the first instance peculiarly the province of the jury to determine the weight and credit to be given to the testimony, and in the state of the evidence, after the finding has been approved by the trial court, it cannot be disturbed by a reviewing court on the ground that it is contrary to and not sustained by the evidence. And this would be just as true if the verdict and judgment had been in favor of appellants.

Complaint is made of a number of instructions given for appellee, but we are of opinion there was no substantial error committed in the giving of instructions. It is true there were some unnecessary repetitions of some propositions, but they were not such as would justify a reversal of the judgment.

The judgment of the county court is affirmed.

*Judgment affirmed.*