14        APPELLATE COURTS OF ILLINOIS.

Nichols v. Union Stock Yards & Transit Co., 193 Ill. App. 14.

ness to render his decision, and even expressed what the decision would be, this case should now be decided by the court and not dismissed.'' The trial court overruled the said objection of the defendant and granted leave to the petitioner "to withdraw and dismiss his petition and non-suit his case," which was done over the objection of the defendant. This appeal followed.

O. C. PETERSON, for appellant.

No appearance for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

DISMISSAL, NONSUIT AND DISCONTINUANCE, § 15*—*when nonsuit must be taken on trial by court.* Under R. S., ch. 110, sec. 70 (J. & A. ¶ 8607), where a case is tried before the court without a jury and is submitted for final decision, the plaintiff cannot take a nonsuit.

---

### Henry Nichols, Appellant, v. Union Stock Yards & Transit Company, Appellee.

### Gen. No. 20,325.

1. BAILMENT, § 12*—*who has burden of proving negligence in case of fire.* The law will not presume negligence where the failure of the bailee to deliver is explained by the fact that the goods bailed have been destroyed by fire and the bailee is therefore unable to deliver them, and the burden of proving negligence in such case is on the bailor.

2. BAILMENT, § 25*—*when agister's negligence question for jury.* In an action to recover for the loss by fire of cattle placed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Nichols v. Union Stock Yards & Transit Co., 193 Ill. App. 14.

in defendant's hands as an agister, evidence *held* to present a question for the jury whether if defendant had exercised ordinary care the plaintiff's cattle could have been removed from the pens before being reached by the fire.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed April 22, 1915. Rehearing denied May 8, 1915.

BARGER & HICKS, for appellant; C. O. CARLSON, of counsel.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; JOHN D. BLACK, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The appellant, Henry Nichols, hereinafter called the plaintiff, sued the appellee, Union Stock Yards and Transit Company, hereinafter called the defendant, in the Superior Court of Cook county, in an action of assumpsit to recover damages for loss by fire, while in the possession of the defendant as a bailee thereof, of certain cattle belonging to the plaintiff. The amended declaration of the plaintiff (who was a dealer in cattle at the Union Stock Yards, Chicago) contained four counts, each of which alleged, in substance the delivery to and receipt by the defendant in certain pens in said yards of sixty-five head of steers belonging to the plaintiff; the promise of the defendant to care for and safely and securely keep the cattle while in its possession, and the loss by fire of the said cattle while in the defendant's possession by reason of the negligence of the defendant in the care and keeping of the same. To this amended declaration the defendant filed two pleas: First, the general issue, and second, a special plea to the effect that the cattle were not killed or destroyed while in the posses-

sion of the defendant by reason of its negligence in the care and keeping of them. The case was tried before a court and jury, and at the close of the evidence for the plaintiff the defendant moved to have the court direct a verdict in its favor, which motion was refused by the court. The defendant then presented evidence in its behalf, and at the close of all the proof it again moved the court to direct a verdict in its favor and tendered its written instruction in that behalf, and thereupon the court gave to the jury the following instruction:

"Upon the close of the evidence in this case, the court deems it, as a matter of law, its duty to advise the jury that the plaintiff has not, as a matter of law, established any liability against the defendant herein, by reason of the allegations in the plaintiff's declaration, and by reason of each of the law counts therein, not being sustained by the evidence offered and received. The jury will retire and consider this instruction, and if agreeable thereto, under the evidence in the case, they will return a verdict finding the issues for the defendant."

The jury thereupon retired to consider their verdict and afterwards returned into court the following verdict: "In view of the instruction of the court as to the law, and while not expressing our personal views in this case, we, the jury, find for the defendant." The defendant objected to this verdict being received because of its form, and thereupon the court further instructed the jury orally that the evidence in the case did not show any negligence on the part of the defendant, and that the jury, if they followed the court's instruction, must adopt the form of verdict submitted to them. The jury thereupon retired and afterwards returned into court a verdict for the defendant in the ordinary form. The plaintiff's motion for a new trial was overruled, judgment was entered on the verdict and this appeal followed.

It is conceded that the defendant was a bailee or

agister of the cattle at the time they were destroyed by the fire, and that it was bound to exercise ordinary care for the preservation of the cattle.

The plaintiff contends that proof of the loss or destruction of the cattle while in the custody and possession of the defendant as such bailee raised a presumption of negligence on the part of the defendant and cast upon it the burden of showing that it exercised ordinary care of the cattle, and that the loss of the same resulted without its fault. The plaintiff further contends that when the motion to direct a verdict was made at the close of all the evidence, "even if the evidence of appellee as to the care taken of the cattle was wholly uncontradicted, whether or not it overcame the presumption of negligence raised by proof of the loss of the cattle while in its possession, and whether or not appellee, under all the evidence, was guilty of negligence and want of due care, depended upon the credibility of the witnesses and involved weighing all the evidence to determine the preponderance," and that the trial court therefore had no power to direct a verdict for the defendant. The plaintiff further contends that regardless of the question as to whether or not proof of the loss of the cattle by fire while in the possession of the defendant rebutted the presumption of negligence on the part of the defendant and cast upon the plaintiff the burden of showing that the defendant did not exercise ordinary care of the cattle, there was evidence in the record, when all the proof was in, from which the jury, without acting unreasonably in the eye of the law, could find that the defendant had not exercised ordinary care in the keeping of the cattle, and that the loss resulted from such conduct and that therefore the trial court had no power to direct a verdict for the defendant.

The defendant contends that there is no evidence in the record tending to show that the defendant failed

to exercise ordinary care for the preservation of the cattle, and that the trial court was therefore justified in directing a verdict for the defendant at the conclusion of all the evidence. The defendant further contends that as it appears from the declaration of the plaintiff and from the evidence introduced in its behalf in its original case that the cattle were destroyed by fire, such fact prima facie rebuts the presumption of negligence that ordinarily arises in cases of bailments of this character, and casts upon the plaintiff the burden of showing negligence on the part of the defendant, and that the plaintiff has failed to successfully carry this burden.

The plaintiff insists that the mere proof of the loss of the cattle by fire did not rebut the presumption of negligence in this case and that it devolved upon the defendant to show that it had exercised the proper degree of care required by the nature of the bailment. The question as to which party carried the burden in the present case is an important one, and it has received careful consideration at our hands. There is no doubt that in a case of bailment like the present one, where there is a total default in delivering or accounting for the property bailed, this fact is treated as prima facie evidence of negligence on the part of the bailee, and it devolves upon him to show that he has exercised the degree of care required by the nature of the bailment. This rule proceeds upon the theory that the facts surrounding the care of the property by a bailee are peculiarly within his knowledge and power to prove, and that the enforcement of any other rule would impose great difficulties upon bailors. But it would also seem to be the law that where the failure to deliver is explained by the fact appearing that the goods bailed have been lost, stolen or destroyed by fire and the bailee is therefore unable to deliver them, the law will not presume negligence, and the *onus* or burden of proving the same passes to the

bailor. *Claflin v. Meyer*, 75 N. Y. 260; Jones on Evidence (2nd Ed.) p. 223; 2 Kent's Com. p. 587; *Lamb v. Camden & A. R. & Transp. Co.*, 46 N. Y. 271; 3 Am. & Eng. Encyc. of Law (2nd Ed.) p. 751; *Knights v. Piella*, 111 Mich. 9; *Hunter v. Ricke Bros.*, 127 Ia. 108; Schouler on Bailments (2nd Ed.) p. 31; *Standard Brewery v. Hales & Curtis Malting Co.*, 70 Ill. App. 363, affirmed 171 Ill. 602; *Ford Motor Co. v. Osburn*, 140 Ill. App. 633; *Bryan v. Chicago & A. R. Co.*, 169 Ill. App. 181. The plaintiff cites in support of its contention several Illinois cases, none of which, we think, sustains its position. In *Cumins v. Wood*, 44 Ill. 416, the court apparently recognizes the rule that the presumption of negligence is rebutted where it appears that the goods have been destroyed by fire, but holds that the amount of the verdict in that case did not exceed the value of certain of the goods bailed that were not destroyed by fire. The cases of *Hudson v. Bradford*, 91 Ill. App. 218; *Funkhouser v. Wagner*, 62 Ill. 59; *Chicago & A. R. Co. v. Peoria & P. U. Ry. Co.*, 157 Ill. App. 583 (also cited by the plaintiff) simply followed the general rule that was laid down in *Bennett v. O'Brien*, 37 Ill. 250, to the effect that where personal property is placed in the hands of a bailee in good condition, and is not returned at all or is returned in a damaged state, then in an action against the bailee by the bailor, the law will presume negligence on the part of the bailee and will impose upon him the burden of showing that he exercised such care as was required by the nature of the bailment. We think that the rule that appears to govern the burden of proof in this case is not a good one, and we agree with Mr. Justice Peckham (dissenting opinion *Lamb v. Camden & A. R. & Transp. Co. supra*) that it is illogical and unreasonable to hold that the presumption of negligence in cases of this kind is rebutted by the bailee, by simply proving that the property bailed was destroyed by an ordinary fire which broke out on the bailee's

20    Appellate Courts of Illinois.

Nichols v. Union Stock Yards & Transit Co., 193 Ill. App. 14.

own premises, without regard to the care exercised by the latter to prevent the fire or to save the property after the commencement of the fire. All the authorities seem to agree that the rule that there shall be a presumption of negligence in bailment cases like the present one, where there is a default in delivery or accounting for the goods, is a just and necessary one, and we think that it works a destruction of this wholesome rule to permit the presumption to be overcome by mere proof that the goods were destroyed by fire. But we must enforce the law as we find it, and we are therefore compelled to hold that the position of the defendant on the question now before us for consideration is sustained by the authorities.

As the plaintiff tried its case upon the theory that the presumption of negligence applied in this case and introduced no proof touching the care exercised by the defendant as to the cattle, the court would have been justified under the law in sustaining the defendant's motion to direct a verdict for it at the close of the plaintiff's evidence, but the defendant did not see fit to rest its case on the plaintiff's evidence, and it introduced proof in its defense, and the question for us to decide is, was there any evidence in the entire record from which, if it stood alone, the jury could, without acting unreasonably in the eye of the law, find that the defendant had not exercised ordinary care for the preservation of the cattle? If there was, the court had no right to direct a verdict for the defendant at the conclusion of all the evidence.

The record is silent as to how the fire started, but it is clear that it did not start in the pens in which the cattle of the plaintiff were kept. The defendant was not only required to exercise ordinary care to prevent the starting of the fire, but it was also required to exercise ordinary care to save the cattle after the fire started. After a careful examination of all the evidence bearing on the question of the care exercised

by the defendant in the care of the cattle, we have reached the conclusion that there is evidence in the record from which, if it stood alone, a jury could, without acting unreasonably in the eye of the law, find that if the defendant had exercised ordinary care after the fire was discovered the cattle belonging to the plaintiff could have been liberated from the pens in which they were confined, before the fire reached said pens, and saved. This conclusion necessitates a reversal of this case.

The judgment of the Superior Court of Cook county will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*