## William Eicholtz, Administrator, Appellee, v. Village of Forest Park, Appellant.

### Gen. No. 22,322.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917.

### Statement of the Case.

Action by William Eicholtz, administrator of the estate of Herman C. Eicholtz, deceased, plaintiff, against the Village of Forest Park, defendant, to recover for the death of deceased due to an electric shock from the hoisting chain on one of defendant's light poles. From a judgment for plaintiff for $4,250, defendant appeals.

FRANK S. RIGHEIMER, for appellant; FRANK J. LAMMERS, of counsel.

FRANK W. SWETT, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 983*—*what is duty of city as to maintenance of electric light poles on street in safe condition.* A city is under obligation to see that a public street, on which an electric light pole owned by it is located, is not rendered unsafe, owing to an uninsulated chain on such pole five and a half feet from the ground becoming heavily charged with electricity.

2. MUNICIPAL CORPORATIONS, § 983*—*when negligence of city in maintenance of electric light pole in dangerous condition is shown.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In an action by a city for the death of a sixteen-year-old boy, due to an electric shock from a charged, uninsulated hoisting chain on one of the defendant's light poles, where it appeared that one of the drop wires was in contact with one of the steps of the pole, that the chain was in contact with the step or post, that the covering on the drop wire was ragged for some distance, and that no insulator balls, or similar apparatus, were used to prevent the charging of the chain, evidence *held* sufficient to sustain a finding that defendant was guilty of negligence.

3. DEATH, § 21*—*when evidence shows that electric shock from city light pole was proximate cause of death.* In an action against a city for the death of a sixteen-year-old boy, due to an electric shock from a charged, uninsulated hoisting chain on one of defendant's light poles, where there was evidence that deceased had been ill and had suffered from various diseases, and two physicians testified that the cause of death was heart disease, and it further appeared that he touched the chain, could not release himself, cried out, was disconnected by force, and immediately died, evidence *held* sufficient to sustain a finding that the electric shock was the proximate cause of his death.

4. DEATH, § 67*—*when verdict not excessive.* A verdict for $4,250 for the death of a sixteen-year-old boy as the result of a charge of electricity from a city light pole, *held* not excessive.