## Frank Haas, Administrator of Estate of Ernest Haas, Deceased, Defendant in Error, v. Walker D. Hines, Director General of Railroads, Plaintiff in Error.

1. WITNESSES, § 209*—*what cross-examination is improper.* A question asked on cross-examination of one of the engineers of the railroad train in question, in an action for the death of plaintiff's intestate, as to what he saw and did was improper, where the witness had only been asked on direct if he saw the accident and how fast the train was going.

2. APPEAL AND ERROR, § 1498*—*when exclusion of evidence is harmless.* Error in the exclusion of evidence was obviated where the witness afterwards was fully interrogated as to the excluded testimony.

3. APPEAL AND ERROR, § 1619*—*when error in examining witness is cured.* Error, if any, in asking questions which would have been proper only in rebuttal was obviated where, as soon as the fact became apparent, the court sustained the objections.

4. MUNICIPAL CORPORATIONS, § 106*—*how ordinances may be proved.* Hurd's Rev. St. 1917, ch. 24, sec. 65 (J. & A. ¶ 1337), providing that proof of the date of the publication of an ordinance *may* be made by the certificate of a clerk, is not exclusive; hence oral testimony was properly admitted.

5. MUNICIPAL CORPORATIONS, § 79*—*when ordinances must be published.* The provision of Hurd's Rev. St. 1917, ch. 24, sec. 64 (J. & A. ¶ 1336), that publication of an ordinance must be within 30 days after its passage is directory only, the public being protected by the further provision that an ordinance shall not take effect until 10 days after it is published.

6. RAILROADS, § 754*—*when contributory negligence is question for jury.* Where the testimony as to whether plaintiff's intestate looked and listened for the train in question while he was approaching a crossing in a buggy on a cold day, was such as to support the theory of either side, it was the peculiar province of the jury to decide which was right.

7. RAILROADS, § 662*—*when reliance on care of railroad is justified.* A person driving a buggy approaching a crossing had the right to assume that any passenger train operated within the corporate limits of a village would be run at a rate of speed not to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

exceed 10 miles an hour as provided by an ordinance of such village.

8. RAILROADS, § 737*—*when negligence as to speed of train is established.* Where the running of a train at 45 or 50 miles an hour within the corporate limits of a village could have been the sole cause of the accident, and therefore established negligence on the part of the railroad company, and where the decedent had a right to assume the train was running at 10 miles an hour, as limited by a village ordinance, the jury might properly have found that due care was used by the decedent, although there was conflict on the question whether decedent and his mother, who had their ears muffled, looked and listened.

9. RAILROADS, § 659*—*when negligence. is not imputed.* The negligence, if any, of a mother who was riding in a buggy driven by her 15-year-old son, and who was killed in the same accident, could not be imputed to the latter, in an action for the benefit of the father.

10. RAILROADS, § 659*—*when question of imputed negligence may be raised.* The question of imputed negligence, if any, of a mother who was riding in a buggy driven by her 15-year-old son could have been raised, had the mother survived and suit been brought for her benefit.

11. DEATH, § 67*—*when damages are not excessive.* $2,500 damages for the death of a 15-year-old boy allowed in an action for the benefit of his father was not excessive but was compensatory only where the boy was an industrious farm hand on the father's farm.

Error to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed October 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

H. M. STEELY and H. M. STEELY, JR., for plaintiff in error.

ISAAC A. LOVE and REUBEN B. KILGORE, for defendant in error.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

On January 24, 1918, Ernest Haas and his mother,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bertha Haas, were struck and killed by a passenger train of the Chicago and Eastern Illinois Railroad Company at a street crossing in Rossville, Illinois. At the time of the accident they were riding in a single-seated buggy with the top up, side curtains on, and drawn by a horse driven by Ernest Haas.

This suit was brought by the administrator of the estate of Ernest Haas to recover damages for the death of said decedent, and a judgment for $2,500 was recovered.

The case was tried on a count in a declaration charging negligence in running a train at a speed of fifty miles an hour in violation of an ordinance of the village of Rossville, limiting the speed of passenger trains to ten miles an hour.

It is insisted, first, that there was error in the admission and exclusion of evidence; second, that the verdict and judgment are against the evidence; third, that the arguments of counsel for defendant in error were improper and prejudicial; fourth, that a verdict should have been directed for the defendant; fifth, that the court erred in refusing and in giving instructions; and sixth, that the damages are excessive.

Dennis E. Conley, one of the engineers, was called by the defendant in error as a witness and asked if he saw the accident and how fast the train was going. On cross-examination he was asked what he saw and what he did. The court correctly held that such questions were not proper cross-examination. To ask this witness if he saw the accident was merely to identify the transaction, and did not open up the matter the plaintiff in error sought to inquire about. If the holding of the court had been error, it would have been harmless, as plaintiff in error afterwards called this witness and fully interrogated him in reference to all he saw and did. It is also urged that leading questions were asked witnesses George Jacobs and Charles Barnes, but there is nothing remotely approaching an

abuse of discretion by the trial court in that respect. On the cross-examination of Elmer Bivens objections were sustained to some questions asked him relative to a written statement he had signed. The statement was afterwards admitted in evidence, and there is no error of which plaintiff in error can now complain. It is further urged that questions were asked the witnesses Elmer Montgomery and Elmer Bivins which would have been proper only in rebuttal, but the court, as soon as that fact became apparent, sustained the objections, excluded the evidence, and thereby obviated the error if any had been made. It is further claimed the court erroneously admitted an ordinance of the village of Rossville in evidence, for the reason that there was no certificate of the village clerk that such ordinance was published in thirty days after its passage. The ordinance was in pamphlet form. Dr. E. W. Fithian, who was the village clerk in the year 1911, testified that the pamphlet was published in the year 1911 and within thirty days after its passage. Sections sixty-four and sixty-five, Hurd's Revised Statutes 1917 (J. & A. ¶¶ 1336, 1337), provide for the publication and proof of ordinances. The proof of the date of the publication of an ordinance, by the certificate of a clerk, as provided in said section sixty-five is not the exclusive and only method of making such proof. It "may be" so proven, are the words of the statute, and to hold that to be the only way such proof could be made would be error. Such provision of the statute that the publication must be in thirty days is directory only and the public is protected by the further provision that an ordinance shall not take effect until ten days after it is published. *Standard v. Village of Industry,* 55 Ill. App. 523, 525, 526.

Plaintiff in error argues that the verdict and judgment are against the evidence. The train in question was a fast passenger train of twelve coaches and two

engines. The head engineer, Dennis E. Conley, testified that as he approached the crossing where the accident occurred, the train was running forty-five or fifty miles an hour. The ordinance admitted in evidence limited the speed of passenger trains to ten miles an hour. Negligence, on the part of plaintiff in error, is therefore clearly proven. But it is claimed that the defendant in error's intestate was not in the exercise of due care and caution for his own safety. The evidence shows that it was a cold day, with snow on the ground, and that defendant in error's intestate and his mother were riding in a buggy with the top up, side curtains on, and with their heads and ears muffled. They approached the crossing about 2:40 o'clock in the afternoon. There is a small hill on Henderson avenue east of its intersection with the railroad where the accident occurred. A number of boys were coasting on the hill and saw the accident. These boys, people living near by, and the train crew, were the principal witnesses. Defendant in error called sixteen witnesses and plaintiff in error twenty-two. The evidence of the defendant in error tends to prove that as the occupants of the buggy approached the crossing, the horse trotted down the hill, stopped on the right of way; that both Ernest Haas and his mother said "Hello" to the witness Elmer Bivins, who was leaning against a post on the right of way taking snow out of his shoes, and asked him if a train was coming; that the witness said "No"; that they looked out, pulled the side curtains back so they could see up and down the track; that they then drove on, the horse walked upon the track, and they were struck by the train and killed.

The evidence of the plaintiff in error tends to show that Ernest Haas and his mother did not stop or listen but drove on the track without looking or speaking to the witness Elmer Bivins; that there were no obstructions; that if they had looked they could have seen the

train; that the bell on the engine was ringing; that the whistle was sounded; that the train made a loud roar; that if they had listened they could have heard it, and that they had their heads and ears muffled so they did not hear.

There is ample evidence in the record to support the theory of either of the parties to this suit, and under such circumstances it was the peculiar province of the jury to decide which is right. The trial judge has approved the verdict by denying a new trial, and we cannot say the verdict is clearly and manifestly against the weight of the evidence, which we would have to do in order to set it aside. *Bradley v. Palmer,* 193 Ill. 15, 88-90; *City of Pana v. Baldwin,* 265 Ill. 119, 122.

As Ernest Haas and his mother approached the crossing they had a right to assume that any passenger train operated by the railroad company within the corporate limits of the village of Rossville would be run at a rate of speed not to exceed ten miles an hour as provided by the ordinance. The fact that the train was running forty-five or fifty miles an hour could have been the sole cause of the accident. Under such circumstances the excessive speed would establish negligence on the part of the plaintiff in error, while on the other hand the decedent, having a right to assume the train was running at ten miles an hour, may have very properly been found by the jury to have been in the exercise of due care. The assumption made by the plaintiff in error that the decedent did not look for the train because if he had done so he would have seen it and not have crossed the track is, under the circumstances, unwarranted for the reason that it is as consistent to assume that the jury found from the evidence that the decedent did see the train and thought, as he had a right to, that it was running at a rate of speed not to exceed ten miles an hour and that he could safely cross the track. The law gave the decedent the right to assume the speed ordinance

would be obeyed. *Dukeman v. Cleveland, C., C. & St. L. Ry. Co.,* 237 Ill. 104, 107-108; *Speiser v. Cleveland, C., C. & St. L. Ry. Co.,* 214 Ill. App. 656.

The contention that the arguments before the jury of counsel for defendant in error were improper and prejudicial is of little importance. We have considered the matter and find that the only objection made was sustained and the remarks objected to were withdrawn. There was no error on any ruling in this respect.

What we have said above, in reference to contributory negligence and the weight of the evidence, disposes of the question in regard to directing a verdict.

Objections made to instructions given on behalf of defendant in error are of no valid force and not of sufficient importance to justify a discussion. The instructions, as a series, fully cover the case and are correct. The doctrine of assumed risk has no application in this case and is confused with the question of contributory negligence. *Cleveland, C., C. & St. L. Ry. Co. v. Curtis,* 134 Ill. App. 565, 570. There is no question of imputed negligence involved. The son, who was fifteen years old, was driving the horse. His mother's negligence, if any, could not be imputed to him. *Chicago City Ry. Co. v. Wilcox,* 138 Ill. 370, 374, 379. The mother was killed in the same accident and this suit is for the benefit of the father. If the mother had survived and suit had been brought for her benefit, then the question of imputed negligence could have been raised.

The claim that the damages are excessive is not tenable. The boy was an industrious farm hand on his father's farm, and the damages awarded are compensatory only. *Trapp v. Rockford Electric Co.,* 186 Ill. App. 379, 389; *Halbert v. Louisville & N. R. Co.,* 186 Ill. App. 508; *Swan v. Boston Store of Chicago,* 191 Ill. App. 84; *Lilikis v. Bossi,* 205 Ill. App. 606, and *Eicholtz v. Village of Forest Park,* 207 Ill. App. 494.

The record contains no reversible error and the judgment rendered in the circuit court is affirmed.

*Affirmed.*