## Leo Mesh, Appellee, v. Elenbogen Safe Deposit Company, Appellant.

### Gen. No. 25,749.

1. APPEAL AND ERROR, § 365*—*when error cannot be complained of on appeal.* Where no complaint is made in the trial court to any ruling of the court or instruction concerning the burden of proof where property in the custody of a bailee is stolen, error cannot be predicated on such rulings on appeal.

2. BAILMENT, § 9*—*when presumption of negligence arises.* Where plaintiff rented a safety deposit box from defendant and the contract provided that defendant would "exercise ordinary diligence to prevent the opening of said safe by any person other than the renter, or his duly authorized representative," and further that "no person other than the renter, or the duly appointed deputy of the renter, * * * shall have access to said safe," ordinary care on defendant's part required inquiry into authority of a third person seeking access to plaintiff's box and could not be implied from mere possession of the holder's key and password; and where defendant's agent in exclusive charge of the master key and box permitted an unauthorized person to have such access, the presumption arose that the loss in consequence thereof was due to defendant's negligence, even though the act of the unauthorized person constituted larceny.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed December 31, 1920.

MORRIS K. LEVINSON, for appellant.

MAX M. KORSHAK, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellee (the plaintiff below) rented a safety deposit box from appellant (the defendant) and claimed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to have deposited therein the sum of $350 and a diamond ring of the value of $250. When one of defendant's box holders wished to go to his box he took his key, gave his name and the required password, whereupon he was conducted to the box by some one in defendant's employ in charge of or who had access to the so-called master key, and by use of the two keys the box was opened. A few months after plaintiff had rented the box he was taken ill and went to a hospital and left his key in a room that was shared by his brother. After his return he went to his box in the usual way and found that the $350 and diamond ring which he had placed therein were gone.

In this action to recover for the value of the same he charged that defendant did not use ordinary care in keeping said safety deposit box, and permitted it to be opened by some one other than the plaintiff and said contents to be taken by said third party. Issue was taken on the question of defendant's exercise of ordinary care, and whether he had said property in the box, defendant averring that plaintiff permitted his brother to have access to the box, and if anything was taken therefrom it was done with plaintiff's express consent and by his direction. The case was submitted to a jury and the verdict and judgment were for plaintiff to the amount of the money and the value of the ring.

Appellant's argument goes to the sufficiency of the evidence to support the judgment, particularly that bearing on the exercise of ordinary care by the defendant for the preservation of plaintiff's property so intrusted to it, which it was bound to exercise as such bailee. This is the only question we deem necessary to discuss.

It was stipulated that plaintiff's brother was convicted in the criminal court of Cook county for larceny of the particular property so lost. While the circumstances of the theft were not proven, the argu-

ments assume, and the record justifies the inference, that the brother in some way obtained plaintiff's password and key, and because of his possession of the same was given access to the box through an agent of defendant without inquiry as to whether plaintiff had authorized his brother to go to the box.

While appellant argues that because the property was stolen the burden of proof was on plaintiff to show the want of ordinary care and diligence by defendant, citing *Nichols v. Union Stock Yards & Transit Co.*, 193 Ill. App. 14, to the effect that where property is stolen from the custody of a bailee the burden of showing negligence on the part of the latter shifts to the bailor, yet as no complaint is made of any ruling of court or instruction bearing on that subject the proposition as one of law is not involved in the case. Hence, the main question is whether the evidence is such as to warrant the jury in finding that defendant did not exercise the ordinary care required by the nature of the bailment.

Appellant's contract of bailment provides—what in fact is its common-law duty—that it will "exercise ordinary diligence to prevent the opening of said safe by any person other than the renter, or his duly authorized representative." There was no proof, direct or circumstantial, that plaintiff authorized his brother to use the key and password. In fact the stipulation that the brother was convicted of stealing the property necessarily implies the want of plaintiff's consent. The contract also provided that "no person other than the renter, or the duly appointed deputy of the renter, * * * shall have access to said safe." In view of these provisions of the contract and the nature of defendant's business, and the character of the evidence, we do not think it can be questioned that ordinary care on defendant's part required inquiry into authority of a third person seeking access to plaintiff's box, and that it could not be implied from mere pos-

session of the holder's key and password, which might be obtained in an irregular way and without authority to use them. The evidence being undisputed that the box was in the exclusive control of the defendant and that no one could obtain access to it except through a person in charge of the master key and box, and the evidence tending to show that a person so in charge permitted an unauthorized person to have such access, the presumption arises that the loss in consequence thereof was due to the bailee's negligence. (*Schaefer v. Washington Safety Deposit Co.*, 281 Ill. 43.) And we think such presumption would obtain under the circumstances in evidence, as above stated, even though the act of the unauthorized person constituted larceny. Accordingly the judgment will be affirmed.

*Affirmed.*

GRIDLEY, and MATCHETT, JJ., concur.