CURTIS N. BENNETT

*v.*

MICHAEL O'BRIEN.

1. BAILMENT—*what is gratuitous.* He who borrows the horse of another for use, without compensation, is a gratuitous bailee.

2. SAME. The loan of the use of domestic animals necessarily involves their keeping, and the expense thus incurred by the borrower is not a compensation to the lender which changes the gratuitous character of the bailment.

3. SAME—*burthen of proof.* In a suit brought by the lender against the borrower of a horse, which died in the possession of the latter, after the plaintiff proved the character of the bailment and the death of the horse in the bailees hands, it devolved on the latter to show he had exercised the degree of care required by the nature of the bailment.

4. SAME. A gratuitous bailee must exercise extraordinary care.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. JONATHAN DUFF, Judge, presiding.

This is an action on the case brought by Michael O'Brien against Curtis N. Bennett at the June term, 1864, of the Circuit Court of Livingston county, for the value of a mare. The plaintiff recovered a verdict for $120, on which the court rendered judgment, and the defendant appealed. The facts appear in the opinion of the court.

Messrs. STOUT, AMENT & PAYSON for appellant.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

O'Brien let Bennett, the appellant, have the use of his horse without compensation. This gratuitous bailment imposed on the appellant the duty of extraordinary care. After a drive in January, 1864, of eighteen miles from his home, returning the next day, the mare sickened and died. The evidence is conflicting as to the cause of her death. Two witnesses swear that the defendant admitted she had been driven into a snow bank. The jury found a verdict for O'Brien, the plaintiff below, for the value of the mare.

The appellant insists that the court erred in refusing to give his 1st, 2d, 4th and 7th instructions. The first was as follows:

If the jury believe from the evidence that the mare in question died from inevitable casualty or by causes or under circumstances over which the defendant had no control, and could not prevent, then they will find for the defendant, unless they further believe that the defendant was guilty of gross negligence and carelessness.

This instruction would have misled the jury. Although the direct cause of the mare's death may have been a disease over which the defendant had no control, yet if that disease was traceable to the slightest negligence on the part of the defendant, this would render him liable.

The second instruction was as follows:

If the jury believe from the evidence that the defendant used the same care, diligence and prudence in taking care of the mare in question that a prudent, careful man would take care of his own property under similar circumstances, they will find for defendant.

This instruction is wrong in assuming that the bailment was a bailment for hire.

When the loss of the mare is shown, the proof of negligence or want of care is thrown upon the plaintiff; it being a presumption of law that proper care and diligence were exercised on the part of the defendant.

There is some conflict of authority on this subject, but we think this instruction was properly refused in reference to a gratuitous bailee. When the death of the mare, in the hands of the defendant was proven, together with the character of the bailment, it devolved upon him to show that he had exercised the degree of care required by the nature of the bailment. These were facts peculiarly within his knowledge and power to prove, and any other rule would impose great difficulties upon bailors.

The seventh instruction was as follows :

If the jury believe from the evidence that the mare did not die from the effects of over driving and misusage on the part of the defendant, they will find for defendant.

This instruction, like the second, is objectionable because it assumes that the defendant was only bound to such care of the mare as would be a bailee for hire. Even if the mare did not die from positive over driving and misusage, yet if her disease was traceable to the slightest negligence on the part of the defendant, he would be liable. The counsel for appellant regard the bailment as a bailment for hire. We do not so consider it, but if it were doubtful upon the evidence, these instructions are wrong in assuming it to be a hiring, instead of putting the case hypothetically.

In regard to the character of the bailment, it may be remarked that the fact of the plaintiff being saved the keeping

of his horse by loaning him to the defendant, although to that extent the loan may be considered an advantage to him, does not take from it the character of a gratuitous bailment. Such incidental advantage is not the compensation necessary to make the bailment one of hire. The loan of the use of domestic animals necessarily involves their keeping. He who borrows the horse of another for a week's journey, must not only incur the expense of feeding him, but he must take the responsibilities of a gratuitous bailee. *Howard* v. *Babcock,* 21 Ill., 265. In the case before us, no compensation was paid for the use of the horse. We think the verdict sustained by the evidence.

*Judgment affirmed.*