PRESLEY M. FUNKHOUSER

*v.*

JOHN G. WAGNER.

1. BAILMENT—*hiring*—*burden of proof.* In an action by the owner of a team of horses to recover damages for an injury to them against the hirer for want of proper care, the defendant asked the court to instruct the jury, that if the team hired was in good condition when taken by defendant, and was not returned in such condition, and if the defendant had shown *prima facie* that he took ordinary care of the team, then the plaintiff must show, by a preponderance of testimony, that defendant misused the team so as to cause the injury complained of, which the court refused: *Held,* that the refusal was proper.

2. Where goods, when placed in the hands of a bailee, are in good condition, and they are returned in a damaged state, or not returned at all, in an action by the bailor against the bailee, the law will presume negligence on the part of the latter, and impose upon him the burden of showing that he exercised such care as was required by the bailment.

APPEAL from the Circurt Court of Iroquois County; the Hon. CHARLES H. WOOD, Judge, presiding.

Messrs. ROFF, DOYLE & McCULLOUGH, for the appellant.

Messrs. BLADES & KAY, for the appellee.

Per CURIAM: We have examined the evidence in this case, and think it sustains the verdict.

The modification by the court, of the 7th instruction asked by the defendant, was obviously proper.

The two refused instructions asked by the defendant, were to the effect, that if the team hired by the defendant was in good condition when taken by him, and was not returned in such condition, and if the defendant had shown *prima facie* that he took ordinary care of the team, then the plaintiff must show, by a preponderance of testimony, that defendant misused the team so as to cause the injury complained of.

The rule laid down by this court, in *Bennet* v. *O'Brien,* 37 Ill. 250, and *Cumins* v. *Wood,* 44 Ill. 416, was, that where goods, when placed in the hands of the bailee, are in good condition, and they are returned in a damaged state, or not returned at all, in an action by the bailor against the bailee, the law will presume negligence on the part of the latter, and impose on him the burden of showing that he exercised such care as was required by the bailment.

The full benefit of the law applicable to the case of the defendant under that rule was accorded to him by the instructions which were given on his behalf; and the two refused instructions, in the form as asked for, were substantially embraced in the fourth instruction which was given for the defendant.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*