## WILLIAM A. RUSSELL

*v.*

## BALTHASER KŒHLER.

| | |
|---|---|
| 66 | 459 |
| 70a | 367 |
| 66 | 459 |
| 171 | 606 |
| 66 | 459 |
| 197 | ¹585 |
| 66 | 459 |
| 108a | ³524 |
| 66 | 459 |
| 207 | 215 |
| 66 | 459 |
| 111a | ²472 |

1. BAILMENT—*degree of care required of bailee.* A bailee taking a carriage to repair for pay, is only held to the exercise of ordinary care, as the contract in such case is one of mutual benefit, and where such carriage is destroyed by a fire which no ordinary prudence could guard against or prevent, the bailee will not be responsible for the loss, even though he was detaining the same for indebtedness of the owner to him.

2. ORDINARY *care defined.* Ordinary care is such care as a person of ordinary caution would exercise in regard to the property.

3. BAILEE—*when possession by will be presumed to be assented to by owner.* Where the bailee of a carriage, taken to be repaired, claimed the right to retain its possession as security for an indebtedness of the owner to him, and while in his possession it was destroyed by fire, without fault on the part of the bailee, it was *held,* that as the owner could have regained possession by tendering the amount due for repairing, and failed to do so, the jury had the right to presume that the continued possession of the bailee was with the consent of the owner, and consequently the latter could not recover for the loss.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. E. F. ALLEN, for the appellant.

Messrs. WARD & STANFORD, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The defendant claimed, as a set-off to the notes and account sued on, the value of his carriage, which had been entrusted to plaintiff for repairs, and was destroyed by the fire which prevailed in Chicago in October, 1871.

The bailee took the carriage to repair, and as the contract was one of mutual benefit, only ordinary care was required of him. This is defined to be such care as a person of ordinary caution would exercise in regard to the property. No

ordinary prudence could guard against or prevent the destruction of property during a calamity so fearful as the fire in Chicago in October, 1871.

As to the existence of any special agreement to repair the carriage in a specified time, the testimony is extremely conflicting. There is evidence to sustain the verdict, and there is no sufficient ground to set it aside.

Even if true, that the plaintiff said he would retain the possession of the carriage as security for the defendant's indebtedness to him, this would not make the plaintiff liable for the loss. The defendant, upon demand and tender of any expense incurred in repairing, could have regained the possession. When the carriage was permitted to remain with the manufacturer, the jury had the right to presume that the continued possession with the bailee was with the consent of the owner.

We are of opinion that the verdict was right, and affirm the judgment.

*Judgment affirmed.*