70   363
171s 602

## Standard Brewery v. Hales & Curtis Malting Company.

1.  CASE—*Where the Action Lies.*—The action of case lies only for the breach of such duties as the law implies from the existing relations of the parties, whether such relations have been established with or without the aid of a contract; but if created by contract it is no objection to the action that the performance of the duty in question has been expressly stipulated for if it would have existed by reason of such relations without stipulation

2.  SAME—*Where the Action Lies.*—A malting company received a quantity of barley from a brewing company under a contract to ma't the same and to redeliver the same to the said brewing company. The malting company malted the barley but failed to deliver the same according to the terms of the contract. After a demand was made for the delivery of the malt, it was destroyed by fire. *It was held,* that an action of case would lie for the value of the malt.

3.  LEGAL OBLIGATIONS—*When Not Varied by Contract.*—When language is used in a contract which does no more than express in terms the same obligation which the law raises from the facts of the transaction itself, the party using the language is no further bound than he would have been without it.

4.  BAILMENTS—*Loss of the Property by the Bailee.*—In an action against the bailee for the loss of the property bailed, if the bailee proves that the loss was occasioned by fire, the burden of proof is shifted to the bailor to show the negligence or fault of the bailee.

**Trespass on the Case,** for loss of goods by a bailee.  Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.  Heard in this court at the March term, 1897.  Affirmed. Opinion filed June 14, 1897.

STEIN & PLATT, attorneys for appellant.

W. A. FOSTER, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Subsequent to the commencement of this action the name of Bemis & Curtis Malting Company was changed to that of the appellee.  By its former name the appellee and the appellant entered into a contract in writing as follows:

"CHICAGO, September 9, 1893.

This agreement made this day by and between The Standard Brewing Co. and the Bemis & Curtis Malting Co., both corporations of Illinois, city of Chicago, wherein it is agreed on the part of said Standard Brewing Company to furnish, during the coming malting season, to the said Bemis & Curtis Malting Company, 50,000 bushels of barley to be malted, and to pay to the said Bemis & Curtis Malting Company the sum of fifteen cents per bushel for malting the said barley.  The Bemis & Curtis Malting Company on their part agree to receive the said barley from any railroad in Chicago, haul the barley, pay the switching charges to their plant, store and malt the said barley in the best manner possible, deliver the malt to the said Standard Brewery Co. at their brewery, corner of 12th and Campbell avenue, all for

and in consideration of the sum of fifteen cents per bushel, as above stated. The said brewing company may increase the amount to 60,000 bushels at their option.

> Bemis & Curtis Malting Company,
> By Burton F. Hales, President.
> The Standard Brewery,
> By August J. Dewes, President."

In pursuance of such contract, there was received by the appellee on different days between the making of the contract and December 12, of the same year, 27,847 bushels and thirty-four pounds of barley; and it was stipulated that on January 15, 1894, a demand was made on the appellee by the appellant " for 30,000 bushels of the malted barley."

All of the barley that had been received by appellee was malted prior to January 12, 1894, but none of it had been delivered to the appellant. On January 12, 1894, a fire occurred in the malt house of appellee, where the malted barley was contained, and it was destroyed.

This suit followed, and resulted in a verdict and judgment for the defendant, appellee here.

The action was on the case, in trover, and not in assumpsit upon the contract.

" Case lies only for the breach of such duties as the law implies from the existing relations of the parties, whether such relations have been established with or without the aid of a contract; but if created by contract, it is no objection to the action that the performance of the duty in question has been expressly stipulated for, if it would have existed by reason of such relations without such stipulation." Nevin v. Pullman P. Car Co., 106 Ill. 222, p. 236; Kinnare v. City of Chicago et al. (p. 106, this volume).

The duty of the appellee to return to appellant the barley when malted would have been implied by law by reason of the relation of the parties, and did not depend upon the fact that it was expressly stipulated for, and, therefore, case was an appropriate remedy, though a concurrent one with assumpsit. Nevin v. P. P. Car Co., *supra*.

The written contract not having provided when the barley

should be returned, left the duty just where the law itself would have left it if there had been no express agreement. That is to say, the express contract did not enlarge appellee's duty in that regard beyond what the law imposed.

"When language is used which does no more than express in terms the same obligation which the law raises from the facts of the transaction itself, the party using the language is no further bound than he would have been without it." Young v. Leary, 135 N. Y. 569.

In other words, in such a case the common law liability is not enlarged because the contract is an express one.

The action being in case, and therefore one in which there could be no recovery, though the contract be express, except for the breach of a duty that the law implies, whatever would in law excuse the breach of the implied duty would excuse the appellee from a breach of its express duty. And this is so, notwithstanding if the action had been in assumpsit upon the alleged breach the appellee might not have been excused.

The written agreement between the parties needs but to be read to have it appear that appellee having received the barley from the appellant undertook, by agreeing to redeliver it, no greater duty than the law, without any agreement, would have imposed.

And our Supreme Court, in Steele v. Buck, 61 Ill. 343, has clearly pointed out the distinction between an obligation or duty imposed by law, and that created by covenant or act of the party, and has stated what will excuse a party in the one case and not in the other.

The liability of the appellee in the case at bar, being the same as the law would impose upon it if it had made no agreement concerning a redelivery of the barley, and the jury having settled by their verdict that appellee used ordinary care and diligence in its safe keeping, and that its loss and destruction was not by reason of appellee's negligence, we see no occasion to interfere with such verdict. The evidence shows conclusively to the mind of any reasonable person that the fire was one that could not be accounted for,

and could not have been prevented upon any theory of ordinary prudence and diligence, and such degree of prudence and diligence was all that was required of the appellee.

Under the rule applicable to bailments of such character, it is not necessary that the bailee should acquit himself of all negligence. "If he proves the loss to have occurred from some cause which *prima facie* exonerates him, it is sufficient. Thus, if he proves the loss was occasioned by \* \* \* fire, \* \* \* the burden is again shifted to the bailor to prove the bailee's negligence." 3 Am. & Eng. Ency. of Law (2d Ed.), 751; Russell v. Koehler, 66 Ill. 459; Story on Bailments, Secs. 36 and 437; Edwards on Bailments, Sec. 425.

Our conclusion upon this branch of the case renders a consideration of other argued defenses to the action unnecessary. There was no error in the instructions, nor in the admission or rejection of evidence.

The point is made by the appellant that there should have been a recovery to the extent, at least, of the value of so much of the barley as was not actually destroyed, but was "soaked with water and mixed with cinders," and was taken away by the insurance companies. But there was not sufficient evidence to base any recovery for such "muck" upon.

Upon the record no error is shown, and the judgment will be affirmed.