## Chicago, Rock Island & Pacific Ry. Co. v. E. E. Kendall.

1. COMMON CARRIERS—*When Liability of, Ceases.*—The liability of a railroad company as a common carrier of freight ceases upon the delivery of the car containing the freight on its side track in the usual and customary place for unloading by consignees, if delivery at some other or different place is not required by contract or custom.

2. SAME—*Notice of Arrival of Freight not Necessary to Terminate Liability of Carrier as Such.*—Notice to a consignee of the arrival of goods is not necessary to change the liability of a railroad company from that of a carrier to that of a warehouseman.

3. BAILMENT—*Burden of Proof Where Goods are Not Returned.*— Where a bailee when called upon for articles deposited with him, accounts for a failure to deliver them by showing a loss by some violence, theft, or accident, the proof of negligence or want of due care is thrown upon the bailor, and the bailee is not bound to show affirmatively that he used reasonable care.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed October 11, 1897.

WALTER W. ROSS, attorney for appellant; ROBERT MATHER and W. T. RANKIN, of counsel.

Bishop & Lockwood, attorneys for appellee.

Per Curiam.

This was an action brought by appellee, as owner, against appellant as carrier or bailee of certain hay. The hay was shipped over appellant's road, arrived at point of destination, and was there destroyed by fire before it was received by appellee. Upon its arrival it was placed by appellant upon a "team track," which was shown to be the usual place of delivery in the course of like previous shipments, when no specific place of delivery was pointed out, and none was in this instance.

The consignment consisted of two cars of hay, and upon the placing them upon this team track, they were, while still upon tracks owned by appellant, yet subject to the taking and unloading at any time by appellee.

The cars were placed upon the team track at about nine A. M., and they were destroyed by a fire, which started some blocks away, at about five P. M. of the same day.

Upon this state of facts it would seem that the liability of appellant as a carrier had ended, and that it had become simply a warehouseman. Gregg v. Ill. Central R. R. Co., 147 Ill. 550.

No notice of arrival was necessary to be given appellee in order to change the liability from that of carrier to that of warehouseman. Ill. Central R. R. v. Carter, 165 Ill. 570.

The question presented is, therefore, whether the appellant was guilty of such negligence as would constitute a breach of its duty as a warehouseman; and in disposing of this question it becomes necessary to determine upon whom the burden of proof rested; for the record is wanting in evidence showing or tending to show what watchmen, if any, were employed by appellant, to protect its own property and that held by it as bailee, from such dangers. If it could be determined from the record whether proper watchman-service was provided, and when the danger first became known to appellant through its watchman, its liability or non-liability arising from subsequent conduct

could be measured by settled rules.  Leck v. Maestaer, 1 Campb. 138.

In the absence of any such evidence, it remains to inquire as to whose duty it was to have presented it, viz., whether it was the duty of the plaintiff (appellee) to present evidence to show negligence of its bailee, or the duty of defendant (appellant) to excuse itself from a burden cast upon it by the law upon failure to deliver the property.

There has been a very decided conflict in the authorities upon the question of burden of proof in this class of cases. Story on Bailments, par. 410, page 364, and notes following on page 366.

"The decisions in England and in some of the United States favor putting the burden of proof on the bailor throughout to prove negligence in his bailee.  *  *  *  But it should be added that on the other hand the supreme tribunals of several leading States justify  *  *  *  the statement that when property placed in a bailee's hands in good condition is returned by him badly damaged, or not returned at all, the burden is upon himself of showing that such diligence was exercised as the bailment required."

The Supreme Court of Massachusetts in Willett v. Rich, 142 Mass. 356, repudiates the theory of a shifting of the burden, and asserts the English doctrine, saying: "We understand the doctrine to be well settled in this Commonwealth, that the burden of proof never shifts; and we think that  *  *  *  the burden to show negligence was upon the plaintiffs from the beginning and remained upon them throughout the trial."

Our own Supreme Court in Bennett v. O'Brien, 37 Ill. 250, a case where the bailment was gratuitous, held that the burden was upon the bailee.

And in Cumins v. Wood, 44 Ill. 416, and Funkhouser v. Wagner, 62 Ill. 59, the court extended the doctrine to cover cases of bailment for hire.

In Cumins v. Wood, the court say: "The only question of law in this record is, as to where lies the burden of proof as to the fact of negligence in an action brought by a bailor against a bailee, in whose hands the goods have suf-

fered injury. The counsel for appellants, while admitting the authorities to be in conflict, insist that the weight of authority would throw the burden on the bailor. We held the opposite rule to be the more reasonable one in Bennett v. O'Brien, 37 Ill. 250, and we are not inclined to depart from that decision. In the present case, perhaps the presumption of negligence was sufficiently rebutted by the evidence in regard to the fire," etc.    · . .

The qualification suggested by the last sentence is in accord with the rule as laid down in Kent's Com., Vol. II, · 587, viz.: "The bailee, when called upon for the article deposited, must deliver it, or account for his default by showing a loss of it by some violence, theft or accident. When the loss is shown, the proof of negligence, or want of due care, is thrown upon the bailor, and the bailee is not bound to prove affirmatively that he used reasonable care."

In the case under consideration the fact of the fire appearing, and that appellant was in no manner responsible for its origin, the burden was then upon appellee to show affirmatively that appellant was guilty of negligence in order to establish liability.

And this results whether the English doctrine be applied or the *contra* doctrine with the qualification expressed in Cumins v. Wood, *supra*, and directly applicable to this case.

The burden resting upon appellee to show negligence, and no such showing having been made, the verdict was unsupported and should have been set aside.

Judgment reversed and cause remanded.

Mr. Justice WINDES took no part in this decision.