## Emma Bryan, Appellee, v. Chicago and Alton Railroad Company, Appellant.

1. COMMON CARRIERS—*when liability ceases.* After tender of delivery of merchandise by a carrier to the consignee, the carrier is at liberty to store such merchandise and thereafter its liability ceases and it is only bound to the exercise of ordinary care and diligence in the preservation of the property.

2. BAILMENTS—*burden of proof to establish exercise of care.* If the bailee is bound to the exercise of ordinary care and diligence the burden of proof is upon him to show that he has exercised such care and diligence.

Appeal from the City Court of East St. Louis; the HON. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

KRAMER, KRAMER & CAMPBELL and W. H. HEBENSTREIT, for appellant; WINSTON, PAYNE, STRAWN & SHAW, of counsel.

No appearance for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

In this case the appellee has failed to file any brief and under the rules of this court the appeal could be dismissed for want of such brief. We have, however,

concluded to examine into the record of this case and decide it upon its merits, as provided by such rule may be done.

The appellee brought a suit to recover the value of some potatoes shipped over appellant's road from Murrayville, Illinois, to the appellee at East St. Louis, Illinois. The potatoes arrived at East St. Louis on October 15, 1910. The appellee was notified of their arrival and her husband, acting as her agent, came to the depot of the appellant and paid the freight upon the potatoes but did not remove them. The potatoes were on the same day placed in the warehouse of the appellant and remained there until they were destroyed by a fire on the 20th of the month.

It appears from the evidence that the warehouse and contents were burned on the morning of October 20th.

The appellant was not required to give notice of the delivery of the goods but such notice was given, freight paid but the goods were not removed and they were then stored in appellant's warehouse as it had a right to do, and from the time the potatoes were stored in the warehouse its liability as a common carrier ceased; and the appellant was then liable only for ordinary care and diligence in the preservation of the property. It is said by our Supreme Court in the case of Gratiot St. Warehouse v. Railroad Co., 221 Ill. 418: "It is the settled law of this state that carriers by railroad are not bound to deliver the goods carried to the consignee personally, or to give notice of their arrival, to discharge their liability as carriers; and that, when the goods have reached their destination, if the consignee is not present to receive them, the carrier may store them safely in a suitable warehouse to await the demand of the consignee." Chicago and Alton R. R. Co. v. Scott, 42 Ill. 132; Gregg v. Illinois Central Railroad Co., 147 Ill. 550.

"When the carrier has brought the goods or the freight to their destination it has the right to place them in a safe and secure warehouse, and its liability then changes from that of a common carrier to that of a warehouseman.  When the carrier thus assumes the new duties of warehouseman he is liable only for ordinary care and diligence in the preservation of the property.  Chicago and Alton Railroad Co. v. Scott, *supra;* Illinois Central R. R. Co. v. Carter, 165 Ill. 570."

The potatoes were stored by the appellant; the fire destroyed the potatoes after they had remained in the warehouse some four or five days.  When it appeared from the evidence that the potatoes were destroyed by fire, this was sufficient to relieve the appellant from liability unless it was further made to appear by the evidence that the loss by fire was attributable to the negligence of appellant, and the burden of showing such negligence then passed to the appellee.

The Appellate Court of the First District in the case of C. R. I. & P. Ry. v. Kendall, 72 Ill. App. 105, says: "In Cumins v. Wood, the court say: 'The only question of law in this record is, as to where lies the burden of proof as to the fact of negligence in an action brought by a bailor against a bailee, in whose hands the goods have suffered injury.  The counsel for appellants, while admitting the authorities to be in conflict, insist that the weight of authority would throw the burden on the bailor.  We held the opposite rule to be the more reasonable one in Bennett v. O'Brien, 37 Ill. 250, and we are not inclined to depart from that decision.  In the present case, perhaps the presumption of negligence was sufficiently rebutted by the evidence in regard to the fire.'  The qualification suggested by the last sentence is in accord with the rule as laid down in Kent's Com. Vol. 2, 587 viz.: 'The bailee when called upon for the article deposited, must de-

liver it, or account for his default by showing a loss of it by some violence, theft or accident. When the loss is shown, the proof of negligence or want of due care, is thrown upon the bailor, and the bailee is not bound to prove affirmatively that he used reasonable care.'

"In the case under consideration the fact of the fire appearing, and that appellant was in no manner responsible for its origin, the burden was then upon appellee to show affirmatively that appellant was guilty of negligence in order to establish liability. And this results whether the English doctrine be applied or the contra doctrine with the qualification expressed in Cumins v. Wood, *supra,* and directly applicable to this case. The burden resting upon appellee to show negligence, and no such showing having been made the verdict was unsupported and should have been set aside."

There is no evidence in this record showing that the fire which destroyed appellee's potatoes was caused in any manner by the negligence of the appellant; and we think the verdict of the jury was unsupported by the evidence and that it was contrary to the law of the case and that the trial court erred in refusing appellant's motion to set aside the verdict, and for the reasons above indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*