## Richard McCurrie, Defendant in Error, v. Edward Hines Lumber Company, Plaintiff in Error.

### Gen. No. 17,233.

1. DAMAGES—*when party cannot complain of amount.* In an action to recover the value of a wagon, defendant cannot complain as to the amount of the judgment where the court without a jury adopts the testimony of his witness as to the value thereof.

2. DAMAGES—*when party cannot complain that proof of value related to time before the conversion.* Where action was brought for the value of a wagon, defendant cannot complain as to the amount of the judgment because the testimony as to value related to a time before the conversion, where that was the best evidence of which the question was susceptible and where he offered evidence of its value at that same time.

3. BAILMENT—*when evidence shows a bailment and that goods were lost through bailee's negligence.* In an action for the value of a wagon, where it appears that plaintiff, a teamster hired by defendant, according to the custom left his empty wagon in defendant's lumber yard and hitched to a loaded wagon, expecting as usual to get his wagon in the evening, but that the wagon was not there and was never recovered, *held*, that the evidence warranted findings that the transaction constituted a bailment for defendant's sole benefit; that defendant did not exercise care to prevent loss of the wagon and that the loss was due to defendant's negligence.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 9, 1913.

HAYNIE & LUST, for plaintiff in error.

EDWARD R. LITZINGER, for defendant in error; LEONARD C. REID, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

Defendant in error was in the teaming business. He was under contract with plaintiff in error to haul lumber from its yards. It was the custom, known to both parties, for plaintiff in error to require teamsters who came into the yards with an unloaded wagon to unhitch their teams therefrom and leave it in the yards to be loaded while they hitched their teams to loaded wagons and hauled them out of the yards. When their wagons were loaded, other teamsters, who in the meantime came into the yards with unloaded wagons, would in like manner hitch to the first wagon so left and loaded and so on, until a teamster was through work, when he would take or be given his own wagon and would take it away. In March, 1910, in the performance of his contract, defendant in error sent a team, wagon and a teamster by the name of Hanahan to the yards of plaintiff in error to haul lumber, and in conformity to the custom mentioned and the directions of one Maher, the shipping clerk of plaintiff in error, Hanahan left the wagon of defendant in error in the yards to be loaded, and when it was loaded it was hauled out by some other teamster. When Hanahan was through his work, he did not get the wagon he took there. Whether that was because it was loaded, or because it had been sent out by another teamster, when it came time for him to quit work, is not made clear. The so-called stenographic report of the evidence, filed in attempted compliance with the Municipal Court Act, is in the narrative form and the help sometimes to be derived from the form of the questions put to the witnesses and the exact language used by them in reply is not available here. It is clear, how-

ever, that when Hanahan was ready to leave the yards of plaintiff in error, where he had left the wagon, it was not available to him to take home with him and that neither he nor his employer ever did get it.

The evidence conclusively establishes the further fact that plaintiff in error did not exercise any care whatever to see that the wagon was not lost.

It is apparent from the evidence that the reason for establishing the rule requiring teamsters to exchange wagons, and for the following of the rule in this particular instance, was to prevent the delay and waste of time that would be incident to the loading of each teamster's wagon while he waited, and was for the sole benefit of plaintiff in error. Defendant in error made two demands on plaintiff in error for the return of the wagon before bringing this suit to recover its value. The cause was tried by the court without a jury and resulted in a finding and judgment in favor of defendant in error for $94. The court arrived at the amount of the judgment by allowing defendant in error $100 for the wagon and allowing plaintiff in error an item of set-off to the amount of $6. The proof shows the wagon was worth at the time it was lost from $100, according to the testimony of a witness for plaintiff in error, to $120, according to the testimony of defendant in error.

Plaintiff in error is not in a position to complain as to the amount of the judgment, because the court adopted the testimony of its witness as to the value of the wagon. Neither can it complain because the testimony as to the value related to a time before it had converted the wagon to its own use, because that was the best evidence of which the question of value was susceptible in this case, and for the further reason that plaintiff in error offered evidence of its value at that same time, thereby waiving the question of its being the proper time.

When the identical property delivered to a person

is to be returned, it is a bailment. Lonergan v. Stewart, 55 Ill. 44; Fleet v. Hertz, 201 Ill. 594-619. Where a bailment is for the sole benefit of the bailee, he must exercise extraordinary care over the property. Phillips v. Coudon, 14 Ill. 84; Hagebush v. Ragland, 78 Ill. 40; Howard v. Babcock, 21 Ill. 259; Bennett v. O'Brien, 37 Ill. 250. When property is delivered into the hands of a bailee and is not returned at all, the law presumes negligence on the part of the bailee and imposes on him the burden of showing that he exercised such care as was required by the bailment. Funkhouser v. Wagner, 62 Ill. 59; Bennett v. O'Brien, 37 Ill. 250; Cumins v. Wood, 44 Ill. 416; Hudson v. Bradford, 91 Ill. App. 218.

After a full consideration of all the evidence introduced we are satisfied the Municipal Court was warranted in finding that the transaction constituted a bailment of the wagon in question to plaintiff in error for its sole benefit and that it did not exercise the degree of care required or in fact any care at all over the same to prevent its loss; that its loss was due to the negligence of plaintiff in error, and it was, therefore, liable to the bailor, the defendant in error, for its value.

The judgment of the Municipal Court is, therefore, affirmed.

*Judgment affirmed.*