## A. C. CAMPBELL
### v.
### STATE OF ILLINOIS.

*Opinion filed November 19, 1914.*

1. BAILMENT—*law of, where a horse is bailed.* Where a horse is hired, the bailee is required to pay the expense of caring for it, use it moderately, and as carefully as a person of common discretion would use his own animal, and supply it with suitable food.

2. SAME—*presumption of negligence.* When a horse, in good condition, is placed in the hands of a bailee, and is later returned in damaged condition or not returned at all, an action will lie in favor of the bailor, and the law in such case will presume negligence on the part of the bailee, and will impose on him the burden of showing that he exercised such care as was required by the bailment. (*Funkhouser* v. *Wagner*, 62 Ill., 59; *Cumins* v. *Woods*, 44 Ill., 416; *Bennett* v. *O'Brien*, 37 Ill., 250.)

Heydecker & Heydecker, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

This claim is for the death of a horse rented by Captain A. V. Smith from claimant, for the use of Battery "C" of the Illinois National Guard, during its annual tour of duty, from July 17 to July 27, 1909.

The evidence shows that the horse in question was in fair condition when delivered to Captain Smith, and was worth about $60.00. The tour was made during the hot days of July, 1909, and several of the horses, during the journey, would lie down and were almost exhausted from the heat and the hard trip, which they were making, and when claimant's horse was returned to him, it was suffering from exhaustion, and died a few days afterwards.

We realize the law to be, that when a man hires a horse, "he is bound to pay the expense of keeping it, use it moderately, and treat it as carefully as any man of common discretion would treat his own animal, and supply it with suitable food, and if the horse when

placed into the hands of a bailee is in good condition and it is returned in a damaged state or not returned at all, in an action by the bailor against the bailee, the law will presume negligence on the part of the latter and impose upon him the burden of showing that he exercised such care as was required by the bailment.''

*Funkhouser* v. *Wagner,* 62 Ill., 59;

*Cumins* v. *Wood,* 44 Ill., 416;

*Bennett* v. *O'Brien,* 37 Ill., 250.

We hold, that under the law and the evidence in this case, that the claimant is entitled to an award, and it is the judgment of this Court, that the claimant be and is hereby awarded, the sum of sixty ($60.00) dollars.