CHICAGO—FIRST DISTRICT—MARCH, 1920.    49

A. C. Becken Co. v. Ottawa Pianophone Co., 217 Ill. App. 49.

## A. C. Becken Company, Appellee, v. Ottawa Pianophone Company, Appellant.

### Gen. No. 25,500.

1. CONTRACTS, § 250*—*change by parol.* Writings constituting contracts between parties cannot be subsequently changed or modified by parol.

2. CONTRACTS, § 381*—*what evidence admissible to excuse nonperformance.* Under contracts for the making of phonograph cabinets within a certain time but with exceptions in case of coal shortage or a shutdown of the factory, evidence of interference by the government and diversion of coal bought at the mines whereby the defendant contractor was unable to operate its factory, and that such facts were communicated to the plaintiff's president who replied that he knew of the conditions, should have been admitted, as such facts tended to excuse nondelivery within the time specified.

3. BAILMENT, § 8*—*what is liability of manufacturer receiving materials for manufacture.* Where a defendant contracted to make phonograph cabinets and received material therefor from the plaintiff, it was responsible to the plaintiff as bailee of its goods only in the same degree of care and diligence as a person of ordinary caution would exercise in regard to his own property.

4. BAILMENT, § 8*—*what is liability of manufacturer for loss of material by fire.* Where a defendant contracted to make phonograph cabinets and received material therefor from the plaintiff, and the defendant's factory was destroyed by fire, the plaintiff could not recover for the loss unless it could prove that the fire which destroyed its property in the factory of defendant was occasioned by some negligent act of defendant or want of ordinary care upon its part, and the burden of proof was upon the plaintiff bailor.

Appeal from the Municipal Court of Chicago; the Hon. HOWARD W. HAYES, Judge, presiding. Heard in this court at the March term, 1920. Reversed and remanded. Opinion filed March 8, 1920. Rehearing denied March 22, 1920.

HARRY A. TIFFANY, for appellant.

ALLEN G. MILLS and BEVERLY W. HOWE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

On a trial before the court without a jury, plaintiff had judgment for $776.40, and defendant appeals.

Plaintiff had two contracts with defendant to make certain phonograph cabinets: one, dated January 11, 1918, was for 120 cabinets; the other, dated January 17, 1918, was for 40 fumed oak cabinets. In the first contract deliveries were to be made within 30 days and in the second contract they were to be made "as early as possible." Each contract contained the following clause: "In case of coal shortage or a shut down of factory it is understood that you will furnish cabinets only. * * *"

Plaintiff delivered certain materials for the making of these cabinets of the claimed value of $646.40, and also paid to defendant the sum of $130 with which to purchase certain motors, which motors were purchased. No phonographs were delivered under either of these contracts, and on March 9, 1918, defendant's factory with the property of plaintiff therein, was destroyed by fire, entailing a total loss by defendant of $120,000.

Plaintiff contends that defendant failed to perform its work upon the property delivered to it within the time limited by the contracts; that if the property was thereafter destroyed by fire—which is the fact—even though the fire could not be avoided by defendant, yet it is liable to plaintiff for the value of the property delivered to defendant and for the amount of money given to it by plaintiff with which to purchase the motors; that defendant's failure to perform the work within the time limited by the contracts, rendering it unable to return the same to plaintiff upon demand and resulting in the loss of the goods in the fire occurring after such goods should have been delivered to plaintiff, is no defense to plaintiff's claim.

The two writings constituted the contracts between the parties and could not be subsequently changed or modified by parol.

A. C. Becken Co. v. Ottawa Pianophone Co., 217 Ill. App. 49.

There are many errors in the court's rulings on the admission of evidence, but under the facts before us they are not controlling in their effect. The real question in the case is the liability of defendant as bailee of the property of plaintiff which was destroyed by fire.

The contracts contemplated two things—coal shortage or a shutdown of the factory. The evidence shows clearly that during such time defendant was, without any fault on its part, without fuel, that no fuel could for a time be obtained by it, and that it was forced to and did go into the woods and cut down trees for fuel to keep its plant from freezing. Defendant offered to prove interference by the government in the carrying on of its business, in that the government diverted the coal bought by it at the mines, and that by reason thereof defendant was unable to operate its factory and communicated such fact to the plaintiff's president, who, it is said, replied that he knew what the conditions were, that he further knew that defendant was doing the best it could, and that he knew about the shortage of fuel.

We think these facts if sustained by proof constitute a good defense. The court erred in not receiving such evidence. Furthermore, it is in evidence that plaintiff attempted to make certain changes in the orders which in themselves necessitated delay and which would in a measure excuse defendant from delivering the cabinets within the time originally contracted for. It is patent that if the cabinets had been delivered within 30 days under the first contract and within what plaintiff designates as a reasonable time under the second contract, the property of plaintiff would not have been destroyed in the burning of defendant's factory March 8, 1918. But it is evident that if defendant had been permitted to make the proffered proof of a shortage of coal and the closing down of its factory by the government—conditions over

which it had no control—such proof would have tended to excuse defendant's nondelivery of the cabinets within the time claimed by plaintiff as specified in the contracts.

Then again, defendant endeavored to show that the fire which consumed its factory was not attributable to any negligence on its part, which evidence, however, was excluded by the court. As a matter of law, defendant was responsible to plaintiff as bailee of its goods only in the same degree of care and diligence as a person of ordinary caution would exercise in regard to his own property. *Russell v. Koehler,* 66 Ill. 459. In this condition it became the duty of plaintiff to prove, before it could recover in its action, that the fire which destroyed its property in the factory of defendant was occasioned by some negligent act of defendant or want of proper or ordinary care upon its part. It is true, as said in *Ford Motor Co. v. Osburn,* 140 Ill. App. 642, that "each case must rest on its own circumstances." Applying this rule to the instant case, the evidence proffered by defendant and excluded by the court tended to present a complete defense to plaintiff's action. Plaintiff proceded, however, upon the assumption that it was not necessary for it to make any proof of any act of commission or omission on the part of defendant which occasioned the destruction of its property in defendant's factory by fire. The burden of proving such negligence was upon plaintiff, but while no evidence to that end was tendered by it, evidence relating thereto offered by defendant was on motion of plaintiff excluded by the court. As held in *Nichols v. Union Stock Yards & Transit Co.,* 193 Ill. App. 14, the law will not presume negligence where the failure of the bailee to deliver is explained by the fact that the goods bailed have been destroyed by fire and the bailee is therefore unable to deliver them, but that the burden of proving negligence in such case is on the bailor.

In the case of destruction of the bailed goods by fire, the law will not presume negligence, but the *onus* of proving such is cast upon the bailor. *Standard Brewery v. Hales & Curtis Malting Co.,* 70 Ill. App. 363, affirmed in 171 Ill. 602; *Bryan v. Chicago & A. R. Co.,* 169 Ill. App. 181.

While the record is silent as to how the fire started, making it impossible for the court to know whether or not such fire was attributable to defendant's negligence, such condition of the record is brought about in the first place by plaintiff's refusal to assume the burden of proof, which the law cast upon it, and in the second place in causing the court to erroneously rule out proof tendered by defendant in an attempt to fix the cause of the fire.

For the errors indicated the judgment of the municipal court is reversed and the cause is remanded.

*Reversed and remanded.*

Mr. Presiding Justice McSurely and Mr. Justice Dever concur.