**Marie Clemenson, Administratrix of the Estate of Charles O. Clemenson, Deceased, Appellee, v. W. F. Whitney, Appellant.**

### Gen. No. 29,811.

1. BAILMENTS—*no gratuitous bailment in absence of express agreement.* An automobile sales dealer was not a gratuitous bailee where he agreed with widow of purchaser of car to sell the car for her, in the absence of an express agreement that no charge was to be made in selling the car.

2. BAILMENTS—*automobile sales dealer entitled to consideration for selling car.* An automobile sales dealer taking car from widow of purchaser under agreement to sell it for her was entitled to make a reasonable charge for his services and could not escape responsibility of a bailee for hire by announcing, after a liability had arisen, that he did not intend to charge anything.

3. BAILMENTS—*sufficiency of evidence to show car stolen.* In

action against automobile dealer agreeing to sell car left with him, evidence held sufficient to show that car was stolen from defendant's garage.

4. BAILMENTS—*presumption of negligence of bailee.* Bailor suing for value of property lost must in all instances prove that the bailee was negligent; but when he shows that the goods which were intrusted to the bailee's care were not delivered upon demand, he has made out a prima facie case or created a presumption of negligence which the bailee may overcome by offering evidence to show that he was not negligent, and, if he produces such evidence, the bailor in order to make out his case must show that the bailee was in fact negligent and that its negligence caused the loss or contributed thereto.

5. BAILMENTS—*presumption of bailee's negligence, when overcome.* Where bailor makes out prima facie case of negligence against bailee by showing that goods bailed have not been returned on demand, such prima facie case is not overcome by a showing to the effect that the goods have been burned or otherwise destroyed or have been stolen, but before the prima facie case can be said to be overcome the bailee must further produce evidence tending to prove that such loss was occasioned without his fault.

6. BAILMENTS—*prima facie case of negligence held not overcome.* In action to recover from automobile dealer value of car stolen from dealer's garage where it had been placed for bail, defendant's evidence as to the exercise of care held not to overcome prima facie case made out by plaintiff by proving failure to return car on demand.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed October 28, 1925.

TENNEY, HARDING, SHERMAN & ROGERS, for appellant; CHARLES F. HARDING, JR. and JOHN E. O'HORA, of counsel.

KREMER, BRANAND & HAMER, for appellee; ROBERT BRANAND, JR. and OTTO M. HAMER, of counsel.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

By this appeal the defendant, Whitney, seeks to reverse a judgment recovered against him in the mu-

nicipal court of Chicago by the plaintiff for the sum of $725.

The defendant, Whitney, was in the automobile business, selling Lincoln and Ford cars, and in connection with his business he maintained a garage. He testified that he also sold second-hand Fords which were traded in on new cars. Whitney had a salesman named Anderson, who was a close friend of the Clemenson family. Through Anderson the defendant sold Mr. Clemenson a Ford sedan, and later, when Mr. Clemenson died, Mrs. Clemenson desired to dispose of the car. The evidence shows that at the request of her son, Anderson called to see Mrs. Clemenson about the matter and, as a result of his arrangement with her, he took the car over to the defendant's garage, where an effort was made to dispose of it. Some days later the car was stolen from the defendant's garage, during the night. The defendant being unable to return the car and unwilling to account for its value, Mrs. Clemenson brought this action against him.

In support of this appeal the defendant contends that he was a gratuitous bailee, and as such was liable only if the theft of the car was due to his gross negligence; and that the burden was upon the plaintiff to prove that he was guilty of such negligence, as a result of which the car was stolen. The defendant was not a gratuitous bailee unless there was an express agreement to the effect that no charge was to be made for the service rendered in selling the car. The question of whether that was the situation was a question of fact. On that question the evidence is in direct conflict. Anderson testified that he told Mrs. Clemenson that there would be no charge for selling the car. Mrs. Clemenson testified that in her talk with Anderson nothing whatever was said on this subject, one way or the other. If Mrs. Clemenson was right about it, the defendant would of course be en-

titled to make a reasonable charge for his services and he could not escape the responsibilty of a bailee for hire, by announcing, after a liability had arisen, that he did not intend to charge anything. If the trial court, in finding the defendant liable, went on the theory, and found as a fact, that he was a bailee for hire rather than a gratuitous bailee, we are not in a position to say, on the evidence in this record, that such finding is against the manifest weight of the evidence. We think, however, that this question is not of vital importance in the decision of this case.

It is conceded that the plaintiff made out a prima facie case when she introduced evidence showing that she had delivered the car to the defendant and he had failed to return it to her or to account for its value. But the defendant contends: first, that he showed that the car was stolen; and second, that the proof of that fact required the plaintiff to prove by a preponderance of the evidence that the theft was occasioned or materially contributed to by his negligence.

In meeting these contentions the plaintiff urges that the defendant's proof did not show that the car was stolen. We are of the opinion that it did. One Schacht, who was employed by the defendant as a manager, testified that the plaintiff's car was in the defendant's garage on the evening of August 6, 1923; that he saw it there shortly after 9 o'clock when he went to the garage to close it up; that he was there to see if the doors were all locked; that he then bolted the doors solid; that the doors were equipped with chains and these were on; that shortly after midnight, when he returned to the garage to put up his own car, he saw that the rear door of the garage, opening out on the alley, was open and the plaintiff's car was gone. He further testified that he immediately notified the police. We are of the opinion that this evidence is sufficient to show that the car was stolen, although the evidence is further to the effect

that there was nothing to indicate that anybody had broken into the garage by force.

On the second point above mentioned, we are of the opinion that defendant's contention is not tenable. The treatment of the question of the burden of proof in bailment cases has occasioned some confusion in the decisions. On the general question, our Supreme Court held in *Miles v. International Hotel Co.*, 289 Ill. 320, that: "The weight of modern authority holds the rule to be that where the bailor has shown that the goods were received in good condition by the bailee and were not returned to the bailor on demand, the bailor has made out a case of *prima facie* negligence against the bailee, and the bailee must show that the loss or damage was caused without his fault. (*Cumins v. Wood*, 44 Ill. 416; *Schaefer v. Washington Safety Deposit Co.*, 281 Ill. 43.) The effect of this rule is, not to shift the burden of proof from plaintiff to defendant but simply the burden of proceeding. The bailor must in all instances prove that the bailee was negligent, but when she shows that the goods which she intrusted to the bailee's care were not delivered upon demand she has made out a prima facie case or created a presumption of negligence which the bailee may overcome by offering evidence to show that it was not negligent, and *if it produces such evidence,* the bailor, in order to make out her case, must show that the bailee was, in fact negligent and that its negligence caused the loss or contributed thereto."

In the *Schaefer* case, referred to by our Supreme Court in the *Miles* case, *supra,* the plaintiff sued the Security Deposit Company to recover an amount of money which she had placed in a safety deposit box leased from the defendant. The court pointed out that the undisputed evidence was that the box was in the exclusive control of the defendant and that the plaintiff could not obtain access to it except by signing a slip at the office and giving her key to the person

in charge of the vaults. The court then said: "Under such conditions we see no reason to depart from the ordinary rule that where a bailee receives property and fails to return it the presumption arises that the loss was due to his negligence, and the law imposes on him the burden of showing that he exercised the degree of care required by the nature of the bailment. (*Cumins v. Wood,* 44 Ill. 416; *Bennett v. O'Brien,* 37 Ill. 250.) To call upon the plaintiff, under such circumstances, to prove some specific act of negligence by which her money was lost, and which she must necessarily prove by defendant's employees, would impose upon her a practically impossible burden."

It is the contention of the bailee defendant, in the case at bar, that, although the plaintiff made out a prima facie case of negligence, by her showing that her car was delivered to the defendant, but that he failed to deliver the car back to her upon demand, he fully and successfully rebutted that presumption, merely by showing that the car had been stolen, and that thereupon it devolved upon plaintiff, as a part of the burden resting upon her, to establish negligence on his part, and to show that the theft was caused by such negligence. This court has had occasion to consider that question before and has rendered decisions supporting the contention made. *Nichols v. Union Stock Yards & Transit Co.,* 193 Ill. App. 14 (where the bailed goods had been destroyed by fire); *Glende v. Wicker Park Garage,* 198 Ill. App. 584 (where the bailed article was stolen). We have gone into this question again, in connection with the case at bar, and have come to the conclusion that the better reasoning and the weight of authority is that where the bailor makes out a prima facie case of negligence against the bailee, by showing that the goods bailed have not been returned on demand, such prima facie case is not overcome by a showing, on the part of the bailee, to the effect that the goods have been burned or otherwise

destroyed or have been stolen, but before the bailor's prima facie case can be said to be overcome, the bailee must further produce evidence tending to prove that such burning or loss or theft was occasioned without his fault.

In the *Glende* case, *supra,* this court merely cited and followed the *Nichols* case in 193 Ill. App. 14. In the latter case, this court referred to a number of authorities. One was 2 Kent's Commentaries, p. 587, where the author says that when the loss of a bailed article is shown, "the proof of negligence or want of due care is thrown upon the bailor, and the bailee is not bound to prove affirmatively that he used reasonable care." In a footnote at that point in Kent's Commentaries, reference is made to the case of *Case v. Boston & L. R. Co.,* 14 Allen (Mass.) 448, where the majority of the court held to the contrary that, in an action of contract against warehousemen for not delivering goods received by them upon demand, the burden was on them to show that the goods were lost without their fault. This footnote also refers to the Illinois case of *Cumins v. Wood,* 44 Ill. 416, in which a similar decision was rendered. Reference will be made to this case later.

In the *Nichols* case, *supra,* this court cited several cases decided by the courts in New York, Michigan and Iowa, supporting the rule followed in that case. We have again examined those decisions, and with every respect for the learning of the courts which rendered them, we are compelled to differ with them.

In holding in the *Nichols* case, *supra,* that the defendant overcame the plaintiff's prima facie case merely by showing that the goods had been lost through a fire, this court also cited 3 Amer. & Eng. Encyc. of Law (2nd Ed.) p. 751, where the author has a statement supporting that proposition, saying that proof of fire or theft shows the loss to have been occasioned by a "cause which prima facie exonerates"

Clemenson v. Whitney, 238 Ill. App. 308.

the bailee, citing a number of cases but none by the courts of Illinois.

The fallacy of such a doctrine seems apparent. Why should the bare showing that the loss of the bailor's goods was through a robbery of the bailee's premises or their destruction by fire, "prima facie exonerate" the bailee when it may well be that a loss from either of these causes may have been due directly to the carelessness and negligence of the bailee himself? The two paragraphs in 3 Amer. & Eng. Encyc. of Law, previous to the one cited in the Nichols case, do refer to some Illinois decisions, and in our opinion those cases announce both the correct and sound rule and the rule by which this court is bound. Those paragraphs point out that the older decisions held that the loss of or injury to bailed goods raised no presumption of negligence on the part of the bailee; that the law never presumed anyone to be negligent but would rather attribute the fact of loss or injury to excusable causes and that, under those decisions, it was not enough for the bailor to prove the loss or injury, but it was held that he must go further and show that the same occurred by the bailee's negligence. Then the author proceeds to point out that: "The rule adopted in the more modern decisions is that the proof of loss or injury establishes a sufficient prima facie case against the bailee to put him upon his defense. When chattels are delivered to a bailee in good condition and are returned in a damaged state, or not returned at all, the law will presume negligence to have been the cause, and cast upon the bailee the burden of showing that the loss did not occur through his negligence, or if he cannot affirmatively do this, that at least he exercised a degree of care sufficient to rebut the presumption of it," citing *Baren v. Cain*, 15 Ill. App. 387; *Cumins v. Wood*, 44 Ill. 416; *Funkhouser v. Wagner*, 62 Ill. 59; and *Burlingame v. Horne*, 30 Ill. App. 330.

The first and the last two of those cases did not involve losses by either fire or theft, but in *Cumins v. Wood*, 44 Ill. 416, the loss of goods in the hands of the bailee had apparently been brought about by theft. A fire was also involved in that case. Certain articles of household furniture had been stored by the plaintiff bailor with the defendant bailee. Certain of these goods had been returned by the latter to the bailor in a damaged condition, apparently as the result of a fire in the bailee's premises. It is clear from the opinion that other articles involved in that case had either been burned up or stolen, but the court pointed out that no attempt had been made to show they had been destroyed by the fire and that the presumption from the proof was "if the carpets were not taken away by an employee of the defendants, that they were taken by some person to whom the defendants improperly permitted access to the place where the goods were kept." And in that case, involving a loss either by fire or theft, more likely the latter, the court saw no reason to distinguish the loss from one occasioned by any other cause. In the course of its opinion, the Supreme Court said: "In cases of this sort, it would be very difficult for the plaintiff to show in what way the injury and loss had occurred, or that they had occurred by the actual negligence of the defendants or their employees. The plaintiff would not know what persons had been engaged in the defendants' warehouse nor where to find the testimony necessary to support his action. On the other hand, the defendants would know, or ought to know, what persons had had access to the goods, and could easily show that proper care had been exercised in regard to them, if such was the fact. For this reason we hold it the more reasonable rule, when the bailor has shown he stored the goods in good condition, and they were returned to him in a damaged state, or not returned at all, that the law should presume neg-

ligence on the part of the bailee, and impose on him the burden of showing he has exercised such care as was required by the nature of the bailment." Another case involving bailed goods lost by reason of being stolen while in the possession of the bailee, where the same rule was followed, is *Chicago & A. R. Co. v. Peoria & U. Ry. Co.,* 157 Ill. App. 583.

The ruling made in the *Nichols* case, *supra,* which we now consider erroneous and recede from, apparently had its origin, so far as the Illinois cases are concerned, in the case of *Standard Brewery v. Hales & Curtis Malting Co.,* 70 Ill. App. 363, which this court cited and relied upon in the *Nichols* case. There, this court said that if the bailee proves the loss of bailed goods "to have occurred from some cause which prima facie exonerates him, it is sufficient. Thus, if he proves the loss was occasioned by * * * fire * * * the burden is again shifted to the bailor to prove the bailee's negligence." This is a quotation from 3 Amer. & Eng. Encyc. of Law (2nd Ed.) 751, which the court there cites and which was again cited in the *Nichols* case, *supra.* The court further cites in the *Standard Brewery* case, in support of this proposition, the decision of our Supreme Court in *Russell v. Koehler,* 66 Ill. 459. When that case is examined it is found not to be in point, for it is shown that the bailed goods there involved were consumed in the Chicago fire, in October, 1871. The court observed in that case: "No ordinary prudence could guard against or prevent the destruction of property during a calamity so fearful as the fire in Chicago, in October, 1871." In the brief opinion in that case, no mention whatever is made of the presumption of negligence the court will indulge or the burden of proof it will require. The *Standard Brewery* case, *supra,* was affirmed by our Supreme Court in 171 Ill. 602, and it there appears that the question presented here was not involved, for there the question was whether the

bailee had retained barley delivered to it by the bailor to be malted, an unreasonable length of time after it had been malted, so as to make it liable for its loss by fire. The questions of negligence connected with the actual loss or of burden of proof are not mentioned in the decision.

Another case cited in the *Nicols* case, *supra,* as supporting the decision there made, is the case of *Ford Motor Co. v. Osburn,* 140 Ill. App. 633. That case involved the same question presented in the *Standard Brewery* case, namely, whether the article there bailed had been unreasonably detained after repairs on it had been completed, and the court cited the *Standard Brewery* case and followed it.

Another Illinois case cited in the *Nichols* case is the case of *Bryan v. Chicago & A. R. Co.,* 169 Ill. App. 181. There the court held as this court did in the *Nichols* case, citing in support of that holding, the case of *Chicago, R. I. & P. Ry. Co. v. Kendall,* 72 Ill. App. 105. Upon turning to the latter case we again find that it does not support the proposition laid down in the *Bryan* case and in the *Nichols* case, for in the *Kendall* case the court said: "In the case under consideration, the fact of the fire appearing *and that appellant* (the bailee) *was in no manner responsible for its origin,* the burden was then upon appellee (the bailor) to show affirmatively that appellant was guilty of negligence in order to establish liability."

The defendant has called our attention to the decision of this court in *A. C. Becken Co. v. Ottawa Pianophone Co.,* 217 Ill. App. 49, where the rule laid down in the *Nichols* case, *supra,* is followed and that case and the Illinois cases cited in the *Nichols* case are again cited. That case may be distinguished from the one now before us. There the defendant endeavored to show that a fire which consumed its factory, and consumed certain bailed goods, was not attributable to

any negligence on its part, which evidence was erroneously excluded by the trial court. In the course of the opinion rendered in that case, some things were said with which we cannot agree and which are contrary to the decision of the case at bar, outlined in this opinion.

In *Edgerton v. Chicago, R. I. & P. Ry. Co.*, 146 Ill. App. 199, where the defendant railway company occupied the position of a warehouseman or bailee, at the time the articles there involved were apparently stolen, the ruling of our Supreme Court in *Cumins v. Wood, supra,* to the effect that the burden was on the bailee to rebut the presumption of negligence by showing "that he had exercised such care as was required by the nature of the bailment," was cited and followed. Again in *St. John v. Illinois Cent. R. Co.*, 168 Ill. App. 599, involving the loss of a car of hay by fire, while it was in the defendant's possession in the capacity of a bailee, the court held that it was incumbent on the defendant to show that the loss was not occasioned by its negligence, citing the *Cumins* case.

In *McCurrie v. Edward Hines Lumber Co.*, 178 Ill. App. 617, the defendant was held to occupy the position of a bailee of a certain wagon, the property of the plaintiff. Upon demand, it was not delivered nor was its absence accounted for. This court cited the *Cumins* case and followed the ruling there laid down.

The facts involved in *Schaefer v. Washington Safety Deposit Co.*, 281 Ill. 43, would indicate at least the possibility of the theft of the contents of plaintiff's safety deposit box in the defendant's vault. The property in question was missing when the plaintiff opened her box and its absence was not accounted for. The Supreme Court held that under such conditions it could see "no reason to depart from the ordinary rule," imposing on the bailee the obligation of showing that he exercised the degree of care required by

the nature of the bailment, citing and reaffirming the decision in the *Cumins* case. In announcing the general rule as above quoted in *Miles v. International Hotel Co.*, 289 Ill. 320, the Supreme Court refers to no exception to that rule in cases involving a fire or a theft and cites the *Cumins* case, with approval and in support of the rule, although the latter case did involve a fire and an apparent theft.

The case of *Dunne v. South Shore Country Club*, 230 Ill. App. 11, involved the loss of a fur coat, clearly by theft, while in the possession of the defendant in the capacity of bailee. The trial court gave an instruction to the jury to the effect that in case of failure to deliver a bailed article upon demand, "the law presumes negligence on the part of the bailee and imposes upon such a bailee the burden of showing that such bailee exercised such care in respect to the property as was required by him under the circumstances surrounding the bailment." This court in approving that instruction, said that "it certainly is the law that, after the bailor has made out a prima facie case, it then becomes the obligation of the bailee to introduce evidence to show that he exercised such care 'as was required by the nature of the bailment.' *Cumins v. Wood*, 44 Ill. 416." In using that language we clearly distinguished between burden of proof and the burden of proceeding with the proof. Of course the burden of proof is on the plaintiff to prove his or her case, and it remains there throughout the trial and never shifts to the defendant. That is true on the issue of negligence in a bailment case. But when the plaintiff has made out a prima facie case, as is done in a bailment case merely by showing delivery of the bailed goods to the bailee and failure of the latter to return them on demand or delivery in a damaged condition, then the burden of proceeding with the evidence falls on the defendant and remains there until the plaintiff's prima facie case is overcome. The

real question is, *what must the defendant show,* in order to overcome the prima facie case of negligence made out by the plaintiff? Is it sufficient to show the bare fact that the bailed articles have been burned up or stolen while in the bailee's possession? Obviously not. They may have been lost in either of those ways by reason of the gross negligence of the bailee himself or his servants. If the bailed articles have been burned up or stolen while in the bailee's possession, the prima facie case made out by the plaintiff's proof that the bailee has failed to return the articles upon demand is not met or overcome unless the bailee shows that the fire or robbery was not due to his carelessness or that he has exercised the degree of care called for by the nature of the bailment. The reasons for that rule are clearly set forth by our Supreme Court in the *Cumins* case and we have already quoted them.

In our opinion, the decision of this court in the *Nichols* case was due to a misapprehension of what the Supreme Court said in the *Cumins* case. We believe it may not be reasonably said that the Supreme Court in that case, "apparently recognizes the rule that the presumption of negligence is rebutted where it appears that the goods have been destroyed by fire." All the Supreme Court said was that "perhaps the presumption of negligence was sufficiently rebutted by the evidence *in regard to the fire.*" *What that evidence was is not stated,* in the opinion in the *Cumins* case. The Supreme Court would not have used that language in that case, in our opinion, if the thought to be conveyed was that the presumption of negligence was rebutted by the *mere fact of the fire.* What they said was that it was rebutted by the evidence *about the fire.*

In the *Nichols* case, this court made bold to say that it thought the rule it there followed was "not a good one * * * that it is illogical and unreasonable to hold that the presumption of negligence in

cases of this kind is rebutted by the bailee, by simply proving that the property bailed was destroyed by an ordinary fire which broke out on the bailee's own premises, without regard to the care exercised by the latter to prevent the fire or to save the property after the commencement of the fire.'' We agree with that statement and would make it with regard to cases where the bailed property has been stolen from the bailee's premises.

Did the evidence introduced in the case at bar, in the defendant's behalf, show such a degree of care on his part as to overcome the prima facie case admittedly made out by the plaintiff? In our opinion, it did not. All that is shown by that evidence is that the defendant's manager put the plaintiff's car in the garage and when he left he locked the garage, but when he returned, a few hours later, the rear door of the garage was open and the car was gone, although there was nothing to indicate that anybody had forced an entrance into the garage. The manager testified that he ''bolted the doors solid. They had chains on both sides and the chains were on.'' It is not clear which doors he was referring to. Of course, there had to be at least one door of entrance which was not bolted, and chained from the inside. What kind of a lock that door had is nowhere stated nor who or how many people had keys to that door. Who the employees of the defendant were, or how many he had, is not stated, nor did he testify to anything, while on the stand, as to what care he exercised in selecting them. Presumably, the garage was fitted with windows. No testimony was given as to them nor as to their fastenings. For these reasons, and others of similar character which might be pointed out, we are of the opinion that the defendant's evidence fell short of showing that he had exercised such a degree of care as the circumstances of the bailment called for, and, therefore, the prima facie case made out by the plaintiff was not overcome.

For the reasons given the judgment of the municipal court is affirmed.

*Judgment affirmed.*

TAYLOR and O'CONNOR, JJ., concur.